Jimmy William HUFFMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 57269.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1972.

Motion for Rehearing or to Transfer to Court En Banc Denied Dec. 11, 1972.

William R. Hass, Thayer, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, without evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of murder, first degree.

The "motion and the files and records," Rule 27.26, supra, of this case show:

On October 8, 1946, movant, then sixteen years old, pleaded guilty to murder, first degree, and was sentenced to life imprisonment. He is currently serving such sentence. On September 9, 1967, movant filed a prior motion under Rule 27.26 and, as grounds for relief, alleged:

(1) Lost transcript of 1946 trial for murder;

(2) Plea of guilty was not made voluntarily;

(3) Coerced confession;

(4) Confession obtained in the State of Louisiana and held over petitioner's head in State of Missouri;

(5) No attorney for twenty-one days after arrest;

(6) No legal guardian or ad litem appointed to speak for 16-year-old boy;

(7) No jurisdiction to try 16-year-old boy as an adult where request for transfer made.

Prior to hearing, the motion was twice amended to add as grounds for relief:

(8) The court and its officers at the time of movant's arrest, hearings, trials, and sentencing were prejudiced against and their emotions toward this movant incensed, who was a child of 15 years, and he was pressed into early hearings and trials by the court, its officers, and counsel without the benefit of proper legal advice and protection;

(9) This movant was not afforded a preliminary hearing in said cause as required by the laws of the State of Missouri for the reasons that no proper record and transcript of the proceedings and testimony given were kept as required by the laws of the State of Missouri;

(10) The arrest, alleged plea of guilty, and sentencing of this movant were not conducted and had as required by the Constitution of the United States, the Constitution of the State of Missouri, or the laws thereof;

(11) Movant was not afforded a fair and impartial preliminary hearing on the 16th day of September, 1946, as required by the laws of the State of Missouri and was not afforded a fair and impartial hearing in the Circuit Court of Howell County, Missouri, on the 8th day of October, 1946;

(12) The alleged available affidavits, warrants and court records and available transcripts of all proceedings in the Justice of the Peace Court of Howell County, Missouri, are mere shams and are not adequate to sustain the orders, charges or sentence imposed;

(13) The alleged available affidavits, warrants and court records and available transcripts of all proceedings in the Circuit Court of Howell County, Missouri, in said case, are mere shams and are not adequate to sustain the orders, charges or sentence imposed;

(14) Movant was denied the effective assistance of counsel at the alleged preliminary hearing in the Justice of the Peace Court held September 16, 1946, and at the time of his sentence in the Circuit Court on October 8, 1946, and during the time of the preparation therefor;

(15) Movant's arrest was by warrant on September 12, 1946, which was issued without filing of a valid affidavit therefor by the justice of the peace;

(16) At the time of his alleged plea of guilty in the Howell County Circuit Court on October 8, 1946, movant was scared and confused and due to his age and immaturity, his alleged plea was not voluntarily made;

(17) Movant has tried since 1948 to obtain transcripts and records of the charge and the procedures surrounding his sentence, but up until recently his requests were either ignored or not fulfilled, which delay has prejudiced movant's rights herein for judicial review.

On February 13, 1968, movant was accorded an evidentiary hearing and, as a result of the hearing and findings, the motion was denied. The judgment in denial of relief was affirmed on appeal. Huffman v. State, Mo., 451 S.W.2d 21.

Subsequently, movant petitioned for writ of federal habeas corpus in the United States District Court for the Western District of Missouri. That court dismissed the petition as premature; and on January

12, 1971, movant filed the present motion alleging as grounds for relief:

"1. Lack of jurisdiction of the person or subject matter in controversy.

"a. Movant improperly extradited from State of Louisiana.

"b. Movant, then a juvenile, improperly proceeded against as an adult.

"2. Involuntary plea of guilty.

"a. Plea of guilty coerced by threats of death penalty; impropety (sic) and inflammatory pre-trial publicity, physical abuse practiced by Louisiana authorities and threatened by Missouri authorities.

"b. Threatened use at trial of illegally obtained, physically coerced, confession.

"3. Ineffective assistance of trial counsel.

"a. Lack of trial preparation.

"b. Failure to attempt to suppress coerced confession.

"c. Failure to seek change of venue in view of publicity and public temper.

"d. Failure to properly and effectively protect Movant's rights *viz a viz* (sic) treatment as a juvenile.

"e. Failure to advise Movant of rights on appeal.

"4. Denial of, and loss of, transcript of proceedings to and including sentencing in this cause.

"5. Ineffective assistance of counsel during original Rule 27.26 proceedings and appeal.

"6. Newly discovered evidence."

On January 14, 1971, respondent moved to dismiss the aforesaid motion on grounds that movant had previously presented the same or similar grounds for relief; that movant had not presented any new grounds for relief; that the grounds of this motion have or should have been raised by the prior motion; and that a full evidentiary hearing has previously been accorded on all such grounds.

On August 20, 1971, the court considered the motion and announced a dismissal of the motion and leave to movant to make an offer of proof, whereupon counsel for movant made the following offer of proof:

"Had the Court allowed an evidentiary hearing on this matter, first regarding petitioner's offer of newly discovered evidence, petitioner would offer to prove that the Quill newspaper, a newspaper of general circulation in Howell County, Missouri during the year of 1946, ran numerous articles regarding the original judicial proceedings in this matter to-wit: Front page article on July 3, July 11, July 12, July 15, July 17 and October 8th, all in the year 1946. That the newly discovered evidence of such articles shows that the same were inflammatory and highly prejudicial to the petitioner, Jimmy William Huffman.

"Second, that the context of said articles as reported by Donald J. Delaney in the Daily Quill together with his oral testimony at an evidentiary hearing, would refute the testimony of the State's witnesses at a previous Motion to Vacate that there was no written confession.

"Three, that said Donald J. Delaney would testify at an evidentiary hearing that he was the author of the above articles written in said newspaper on July 5 and 16.

"Four, that the said Donald J. Delaney would further testify to the fact that he was permitted access to the petitioner before his Court appointed counsel was allowed to see him and that as the result thereof, certain articles prejudicial to petitioner were obtained though he were a young man of fifteen years of age.

"Fifth, that the petitioner could not have previously raised the above issues of newly discovered evidence because of the fact of

his incarceration in the Missouri Department of Corrections and further that petitioner has been unable to locate by himself or through previously appointed Court appointed attorneys, the whereabouts of the Quill Reporter Donald J. Delaney prior to February 23, 1971 which said witness would testify was in response to a letter written by attorney John N. Wiles then the Court appointed attorney for the petitioner, said letter having been written by Mr. Wiles on February 20th, 1971. That the same was unavailable to this petitioner when the first hearing was held in Eminence, Missouri.

"Sixth, that copies of said Quill articles pertinent to this matter written in 1946 are in and of themselves not competent evidence but that if petitioner were allowed an evidentiary hearing on this motion, he could and would subpoena the author of same to verify the contents of said articles.

"Seventh, that several grounds alleged in the original 27.26 hearing by this petitioner held in Shannon County Circuit Court in Eminence, Missouri, same being Case No. 910 were not briefed or raised on appeal by petitioner's Court appointed counsel and that if petitioner were allowed an evidentiary hearing on this motion, he could produce the testimony of his previously appointed attorney that the omission of such points were through no fault of this petitioner.

"Eighth, that the points omitted from the above appeal fairly represented substantial and procedural issues the lack of hearing of which denies petitioner basic Constitutional rights which could be developed in an evidentiary hearing."

Appellant now asserts the court erred:

I. In entering judgment without evidentiary hearing where motion alleged newly discovered evidence;

II. In denying relief without findings of fact and conclusions of law on all issues presented;

III. In failing to make specific findings and conclusions whether the Missouri court had jurisdiction over movant and the cause;

IV. In failing to grant an evidentiary hearing on the question of voluntariness of movant's guilty plea and to make findings and conclusions thereon;

V. In failing to grant an evidentiary hearing on the question of effectiveness of trial counsel;

VI. In failing to make findings and conclusions as to the loss of transcript of original (plea) proceedings;

VII. In failing to determine whether counsel on prior 27.26 proceeding was effective, and to make specific findings and conclusions thereon;

VIII. In failing to grant hearing on evidence newly discovered after first appeal under Rule 27.26 and not available at time of that hearing.

On the issue of lack of jurisdiction, ground 1 and Point III, appellant asserts he was (1) improperly extradited from Louisiana; and (2) that he, then a juvenile was improperly proceeded against as an adult.

■ With respect to (1), even if movant could have proved he had been abducted from Louisiana to stand trial in Missouri, as opposed to proper extradition proceedings or waiver of same, this is not a ground for relief, because "once the accused has been brought within the custody of the demanding state, the legality of the extradition is no longer a proper subject of any legal attack by him." Johnson v. Buie, D.C.W.D.Mo., 312 F.Supp. 1349, 1351 [4]; Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 112, 96 L.Ed. 651.

■ With respect to (2), Mo.R.S.A., Section 9700 (cf. Section 211.071, V.A.M. S.) provided that a child otherwise subject to treatment as a child or juvenile could be

prosecuted under general law when, in the discretion of the judge having jurisdiction over such children, such child was not a proper subject to be dealt with as a child or juvenile. On this record and proffered proof it may be said only that movant was tried as an adult following an exercise of discretion of the judge having jurisdiction over him. State v. Falbo, Mo., 333 S.W.2d 279, 285.

On the issue of involuntary plea of guilty, ground 2, appellant asserts his so-called newly-discovered evidence, Points I and VIII, and his charge of error in failing to determine the effects of his confession (or nonexistence of a confession) on his guilty plea, Point IV.

■ The voluntariness of movant's guilty plea was discussed at length on the previous appeal, including discussion of alleged physical threats and abuse, involuntary confession, and adverse publicity. Movant would now reopen the same issue with his assertion of newly-discovered evidence purporting to show inflammatory pretrial publicity and existence of a confession. The only thrust of such "newly-discovered" evidence would be to "refute the testimony of state's witnesses at the previous motion to vacate to the effect that there was no written confession." Such circumstances do not constitute grounds for relitigation of the prior determination "that appellant's evidence was insufficient to establish that the plea of guilty was the result of coercion or threats," and that he "entered his plea of guilty voluntarily after advice of competent counsel and with full knowledge of the facts * * *." Huffman v. State, supra, 451 S.W.2d l. c. 25 [7]. This was a final adjudication of such matters, Selman v. State, Mo., 454 S.W.2d 530, 533 [4], and the asserted newly-discovered evidence does not affect such adjudication.

■ On the issue of ineffective assistance of trial counsel, ground 3 and Point

V, suffice to say that this issue was also previously exhausted with this court's determination that defendant "was afforded counterbalancing, capable counsel and advice." Huffman v. State, supra, 451 S.W. 2d l. c. 25.

On the issue of denial of transcript, ground 4 and Point VI, appellant concedes the point was previously determined, Huffman v. State, 451 S.W.2d l. c. 23–24 [3].

■ On the issue of ineffective assistance of counsel during prior 27.26 proceedings and appeal, ground 5 and Point VII, suffice to say that this is at best an attack on the validity of movant's hearing on February 13, 1968, and subsequent appeal, and has nothing to do with the overriding issue, i. e., the validity of defendant's conviction entered upon his previously determined voluntary plea of guilty. Crosswhite v. State, Mo., 438 S.W.2d 11, 12 [2–4].

Finally, by Point II (and as an incident of his other points) appellant complains of the denial of an evidentiary hearing and failure to make formal findings of fact and conclusions of law.

■ It is apparent from the foregoing that each of movant's grounds for relief were determinable from the motion, files and records in the case, and appellant's arguments do not contradict such records which show conclusively he is entitled to no relief. In such circumstances, the court did not err in failing to accord a second evidentiary hearing. And, since no issues were presented to the court for hearing, there was no need for any finding of fact or conclusion of law other than the overriding order of dismissal of the motion. Selman v. State, supra, 454 S.W.2d l. c. 532–533; Rule 27.26(d), V.A.M.R.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and RICK-HOFF, Special Judge, concur.

BARDGETT, J., not sitting.