**Donnie Ray McCORMICK, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57576.**

Supreme Court of Missouri,
Division No. 2.

Dec. 10, 1973.

Jack Gallego, Troy, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WINSTON V. BUFORD, Special Judge.

This is an appeal [1] by Donnie Ray Mc-Cormick (movant) from an order overruling his second motion to vacate and set aside a judgment sentencing him to imprisonment for life on his conviction by a jury of murder, first degree. Rule 27.26.[2]

---

1. Notice of appeal was filed prior to the effective date of the 1970 amendment to Mo. Const. Art. V, § 3, V.A.M.S., and jurisdiction was retained to decide the case as required by § 31 of the amendment.

2. All references to rules are to Missouri Supreme Court Rules and V.A.M.R.

The judgment of conviction of first degree murder was affirmed by this court in March, 1968. See State v. McCormick, Mo., 426 S.W.2d 62.

In June, 1969, movant filed his first motion to vacate and set aside the judgment and sentence. The motion alleged as grounds: (1) illegal and unconstitutional use of prior convictions under the Second Offender Act; (2) a "fatally defective" information because it failed to advise of the nature of the crime charged; (3) denial of a transcript of the murder trial; (4) lack of proper medical evidence that deceased was killed; (5) illegal confinement of petitioner without a warrant; (6) denial of movant's constitutional right to a fair trial since he was not accorded a hearing and determination on the issue of competence to stand trial; and, (7) denial of his sixth amendment right to the effective assistance of counsel by reason of counsel's ignorance of the provisions of Chapter 552[3] and other rules of law basic to the case.

After an evidentiary hearing, the court made detailed findings of fact and conclusions of law as to each of the grounds stated in the first 27.26 motion. Those findings and conclusions which are pertinent to the issues in the second 27.26 case are: (1) as to ground (6) above, that on motion of his counsel the court had ordered an examination pursuant to § 552.020 before the murder trial, an examination was made, and a report thereon filed in which the medical examiners expressed the opinion that movant was competent and had the capacity to understand the proceedings against him and to assist in his defense; that a hearing on his competency was not requested and not required under the circumstances; and that based on this report, the court had determined that movant had the capacity to understand the proceedings and assist in his defense[4]; and (2) as to ground (7) above, that movant was not denied effective assistance of counsel in connection with the murder trial in the respect charged by him, i. e., that counsel was guilty of "ignorance of the provisions of Chapter 552 and other rules of law basic to the case," because it is self-evident from the motion filed by counsel seeking action authorized by § 552.020 and counsel's action in the circumstances existing after the medical report was filed, that counsel was not ignorant of, but was fully conversant with, the law and his client's rights and obligations thereunder.

On appeal to this court from that order, movant briefed one point: that he was " * * * denied a fair trial and equal protection of the law as a result of the failure of the trial court to hold a hearing under the provisions of § 552.020 * * *." As indicated in footnote 4, the order overruling the first 27.26 motion was affirmed in February, 1971.

On October 4, 1971, movant filed this, his second motion to vacate and set aside the judgment and sentence in the murder case. The motion alleges one ground in these words: that "[m]ovant was denied effective assistance of counsel during [1] the course of his jury trial, [2] appeal therefrom, [3] evidentiary hearing on his motion to vacate judgment under Rule 27.26 heretofore filed in this court, and [4] the appeal therefrom." This motion was denied without an evidentiary hearing, the court finding that the motion and the files and records of the case conclusively show that movant is entitled to no relief. The trial court, as required by Rule 27.26 (j), made findings of fact and conclusions of law. The court found and concluded that all issues presented in this second motion had been raised, heard, and directly ruled on adversely to movant in the first

---

3. References to statutes are to RSMo 1969 and V.A.M.S.

4. The findings and conclusions of the trial court on this part of that case are quoted in full on p. 791 of McCormick v. State, 463 S.W.2d 789 (Mo.1971).

27.26 case, except the issue as to whether he had been denied effective assistance of counsel on appeal by reason of counsel's failure to brief and present for appellate review the trial court's conclusion in the first 27.26 case that his counsel was not ignorant of the law. As to the excepted issue, the trial court stated that it did not know what issues, if any, had not been presented on appeal from the order overruling the first 27.26 motion. However, the court found that it did know that the charge of ineffective assistance of counsel on that appeal stemmed from and was related to the charge that counsel was ignorant of the provisions and interpretations of Chapter 552; and that it was implicit in the appellate court's decision (of the one point briefed) in that case that a finding by the trial court that counsel was not ignorant of the law, if presented on appeal, would have been held to be not clearly erroneous, because the point that was decided could have arisen only as a result of counsel's knowledge of the law. The court found and concluded that movant was not denied effective assistance of counsel on appeal. We have reviewed the record in that case and agree with that conclusion. Counsel's decision not to brief the point, about which movant now complains, did not deprive him of effective assistance of counsel on that appeal. All of the issues raised by the second motion, with the one exception mentioned above, were raised and ruled on in the first 27.26 case. As to the exception, it was not a viable issue for the reasons above stated. The trial court was not required to entertain this second motion. Rule 27.26(d).

 Furthermore, Rule 27.26 is intended to provide a procedure by which a prisoner may attack his sentence; it is not intended for use as a procedure to attack the result of a prior post conviction proceeding. Therefore, movant's charge that he was denied effective assistance of counsel in connection with his appeal in the first 27.26 case is not cognizable under this rule. Crosswhite v. State, 438 S.W.2d 11, 12[2] (Mo.1969).

The denial by the trial court of an evidentiary hearing and its findings, conclusions and judgment are not clearly erroneous.

The order of the trial court is affirmed.

HENLEY, P. J., MORGAN, J., and DONNELLY, C. J., concur.

FINCH, J., not a member of Division when cause was submitted.