Wendall WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26570.

Missouri Court of Appeals,
Kansas City District.

March 4, 1974.

Motion for Rehearing and/or Transfer
Denied April 1, 1974.

William E. Mounts, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

A convicted prisoner brings here an appeal from the overruling of his second motion for post conviction relief under Rule 27.26, V.A.M.R. A review of the proceedings leading to the present status of the case assumes central importance.

The original trial took place in 1966 on a charge of assault with intent to kill. Appellant was convicted and was sentenced to imprisonment of 25 years. During the course of the trial, considerable controversy arose between appellant on the one hand and his counsel, the prosecutor and the court all on the other hand. This centered upon appellant's attempted insistence that the prosecution should be required to bring into court all of the witnesses endorsed upon the information. Appellant also complained to the court that his appointed lawyer was failing to produce witnesses desired by him. In large part because of these disagreements, appellant became dissatisfied with his appointed lawyer and demanded that he be replaced.

After conviction, appellant appealed to the Missouri Supreme Court and the conviction was affirmed, State v. Williams, 419 S.W.2d 49 (Mo.1967). Among other points presented by appellant on that direct appeal, he argued that he had been deprived of effective assistance of counsel at the trial. The Supreme Court opinion discussed that contention at length, making considerable reference to the argument which had arisen concerning production of witnesses, and ruled the point as to effective assistance of counsel against appellant.

Thereafter on April 24, 1968, appellant filed his first motion under Rule 27.26.

His point again was that he had been denied effective assistance of counsel at the trial, and when his motion was overruled by the trial court, he again appealed to the Missouri Supreme Court. Because of a change in decisional law, this point was considered anew by the Supreme Court and was again ruled against appellant, Williams v. State, 460 S.W.2d 688 (Mo.1970).

Then on September 25, 1972, appellant filed his present motion, which is the second one which he has filed under Rule 27.26. The point of error alleged in his original version of this second motion was that the State had failed at the trial to produce all of its witnesses. By first amendment to his motion, appellant added complaints that an erroneous instruction had been submitted to the jury and that he had been deprived of effective assistance of counsel in that the instruction was permitted to be given. By a still further "Additional Amendment," appellant also complained that he had been deprived of effective assistance of counsel at trial because his counsel had "corroborated" [sic] with the prosecution and had improperly disclosed the defense trial preparation.

Appellant also filed a series of ancillary motions in connection with this second 27.26 motion, as follows: (1) Motion for production of documents, (2) Request for subpoenas, (3) Application for disqualification of the trial judge, (4) Application for stay of sentence, and (5) Application for continuance on account of absence of witnesses.

The trial court again appointed counsel, appellant was brought to Kansas City, and a hearing was held in open court on January 25, 1973[1]. As a result of the hearing, appellant's various motions were overruled and the proceedings under Rule 27.26 were dismissed.

On the present appeal from that ruling, three briefs have been filed on behalf of appellant. The first of these is a brief prepared by appointed counsel. The sec-

---

[1] Whether an evidentiary hearing and appointment of counsel were in fact necessary need not be considered. On that question, however, see Duisen v. State, 504 S.W.2d 3 (Mo.1974).

ond is an "Amendment to Brief," signed by appellant himself. The third is another pro se document entitled "Supplemental Brief." The aggregate of points abstracted from all three briefs may be summarized as follows: (1) that appellant was deprived of effective assistance of counsel at the trial; (2) that the prosecution failed to produce all of the state's witnesses at trial; and (3) that appellant was deprived of effective assistance of counsel in connection with both of the first and second motions under Rule 27.26.

■ The first point can be dismissed out of hand. That basic attack has already been made twice and has been twice rejected by the Missouri Supreme Court. Although appellant attempts to introduce now slight variations on his old theme, the subject has been exhausted and is now res judicata. Roe v. State, 496 S.W.2d 278 (Mo.App.1973); Huffman v. State, 487 S.W.2d 549 (Mo.1972).

■ The second point must be ruled against appellant for very much the same reason. The subject of non-production of certain witnesses by the State has been well-known to appellant and a sore point with him from the very beginning. Indeed, it is mentioned at least tangentially in the opinion on appellant's first appeal, 419 S.W.2d 49, 1.c. 59. There can be no valid excuse why this should not have been raised directly in the first 27.26 motion, and it is now foreclosed under Rule 27.-26(d), which provides that "[t]he sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner . . . where the ground presented is new but could have been raised in the prior motion . . ." In any event, the State is not required to call all its possible witnesses. Even where the State endorses the name of a witness on the information but fails to call that witness to testify, the defendant is not entitled to argue an adverse inference to the jury by reason of that non-production. State v. Davis, 505 S.W.2d 115 (Mo.App.1973).

Turning now to appellant's third and final point, the narrow issue presented is whether a prisoner may utilize a second 27.26 motion in order to attack the adequacy of his legal representation in the preparation and presentation of a prior or current 27.26 proceeding. This situation is to be sharply distinguished from the related but quite different question of whether a prisoner may excuse his failure to raise some valid objection to his conviction because of some gross delinquency of his counsel at the first 27.26 proceeding. Situations can be readily conceived where the prisoner should not be foreclosed from relief under Rule 27.26(d), where he did not know of the defect in the original trial and where he was prevented from discovering the existence and significance of the defect due to ineffective assistance of counsel.

■ However, that is not the situation here. As already pointed out in connection with appellant's first two points, there is nothing which he complains about here relating to the trial itself of which he did not have full knowledge at the time of the first 27.26 motion. What appellant attempts to do here is to challenge the effectiveness of legal representation received by him on post conviction proceedings, totally uncoupled with any attack having any color or of merit pertaining to the trial itself and the conviction resulting therefrom.

■ A rejection of that attempt is necessitated by the practical consideration that litigation must end sometime. Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. Huffman v. State, 487 S.

W.2d 549 (Mo.1972); McCormick v. State, 502 S.W.2d 324 (Mo.1973). The ruling on this subject is pithily summarized in the McCormick opinion, as follows:

"Furthermore, Rule 27.26 is intended to provide a procedure by which a prisoner may attack his sentence; it is not intended for use as a procedure to attack the result of a prior post conviction proceeding. Therefore, movant's charge that he was denied effective assistance of counsel in connection with his appeal in the first 27.26 case is not cognizable under this rule. Crosswhite v. State, 438 S.W.2d 11, 12 [2] (Mo.1969)."

The dismissal of the proceeding by the trial court is not clearly erroneous, and that order is therefore affirmed.

All concur.