STATE of Missouri, Respondent,

v.

Donald BRAUCH, Appellant.

No. 36765.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 4, 1975.

Paskal, Edwards, Olian & Hadican, J. Martin Hadican, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

ALDEN A. STOCKARD, Special Judge.

Donald Brauch, charged with murder in the first degree was found guilty thereof by a jury and sentenced to the custody of the Missouri Department of Corrections for Life.

Appellant does not challenge the sufficiency of the evidence. We need only relate that from the evidence a jury reasonably could find that in Lincoln County, Missouri, on February 10, 1973, appellant shot and killed Dennis Wayne Cox under circumstances that would constitute murder in the first degree.

Appellant first asserts that it was error for the trial court to permit the testimony of police officer Kenneth A. Koch when he had not been endorsed on the information.

The prosecuting attorney stated to the court that he had first learned of the witness the previous afternoon, and he proposed that if appellant was surprised or believed he was prejudiced because the name of the witness had not previously been endorsed, a recess should be declared to permit appellant to take the deposition of Officer Koch. That proposal was not accepted. Instead, appellant merely objected to Officer Koch being permitted to testify and orally asserted surprise.

Officer Koch was permitted to testify that Exhibit 10 was a "master fingerprint index card" from the records of the St. Louis County Department of Police showing the fingerprints of Dennis Wayne Cox, the victim of the murder charged against appellant, and that he had prepared the card, or as stated in the record, he had "rolled these prints." The prosecuting attorney relied on the provision of Rule 24.17 that "It shall not be necessary to endorse upon the indictment or information the name of any person who appears upon the trial for the production or identification of public records." Appellant's contention is that Officer Koch was not the custodian of the records and he testified to more than a

witness would have done who, as custodian of the public record, appeared to identify the record because he testified that he *prepared* the record. In substance, it is appellant's contention that the only person who need not be endorsed upon an indictment or information, pursuant to the paragraph quoted above from Rule 24.17, is the custodian of a public record who appears to testify pursuant to the Uniform Business Records as Evidence Act, § 490.660 et seq., RSMo 1969.

■ Aside from the broad discretion in the trial court to permit the endorsement of the names of additional witnesses on the indictment or information under certain circumstances, *State v. Cobb*, 444 S.W.2d 408 (Mo. banc 1969), which in our opinion would permit the testimony of Officer Koch, we conclude that the court correctly permitted the officer to testify.

■ There is no contention that Exhibit 10, consisting of the "master fingerprint index card" from the records and files of the St. Louis County Police Department, was not a public record. Prior to the adoption of the Uniform Business Records as Evidence Act, in order to prove the contents of a public record it was necessary to produce as a witness the person who made or prepared the record, an impossibility in many cases. "The purpose of the act has been stated to be to eliminate the necessity of calling, qualifying, and interrogating each person who made the individual entries, * * *." 30 Am.Jur.2d Evidence § 933. The best evidence of the identity of a public record is the testimony of the person who actually prepared the record and made the entries thereon. When that person is not available as a witness, the Uniform Business Records as Evidence Act permits other identification. There is nothing in Rule 24.17 which requires or intimates that the production or identification of a public record can be made, as appellant contends, only by the custodian of that record. Officer Koch did not testify to

anything other than that the card identified as Exhibit 10 was prepared by him and that it was a record of the St. Louis County Police Department. When the witness was not the custodian of that record, which he was not, the fact that he prepared the record was the basic fact necessary for its production or identification as authorized by Rule 24.17. The trial court did not err in permitting the testimony of Officer Koch.

■ Appellant also contends he was denied due process of law "by the failure of the State to disclose in full the agreement that had been made with Charles Wheeler, the principal witness for the prosecution, in return for his testimony" implicating appellant as the one who killed Dennis Wayne Cox. We note here that Wheeler was also charged with the murder of Cox, and that he testified that he was present and saw appellant shoot Cox in the head with a pistol, and that after he helped appellant throw Cox's body in a ditch where it was later found, he saw appellant again shoot Cox, this time with a shotgun.

Appellant does not purport to set forth in the point the terms of the agreement which he contends were not revealed. This is not in compliance with Rule 84.04(d). However, in a most liberal exercise of judicial discretion we have looked to the argument portion of appellant's brief and we there find that he contends that in addition to the agreement, testified to by Wheeler, that in exchange for his testimony the prosecutor would recommend to the court that upon a plea of guilty Wheeler be sentenced to a term of twenty-five years to run concurrently with other sentences, the prosecutor also agreed that Wheeler would be confined "in the Lincoln County Jail for a substantial period of time, approximately eight (8) months, after formal sentencing and prior to confinement in the penitentiary."

There is no testimony or evidence in the record to the effect that the agreement between the prosecuting attorney and

Wheeler included the additional provision as now asserted by appellant. Appellant attempts to support this contention by referring to matters outside the record, such as the information by which Wheeler was charged with murder, and the judgment and sentence imposed following a plea of guilty. These records do not in anyway support appellant's contention. Appellant relies primarily upon the alleged fact, but this also is not shown in the record, that Wheeler remained at the Lincoln County Jail for several months after judgment was entered. It is speculation only on the part of appellant that the reason Wheeler remained at the Lincoln County Jail, if he did, was the result of an agreement with the prosecutor. If speculation were permitted, the reason may have been that there were negotiations between the Missouri, Illinois and Federal authorities as to where he was first to be confined, or that the officials of the institution where he was to be confined delayed in transporting him.

In this case the appellant was advised that there was an agreement between Wheeler and the prosecutor. If appellant desired to pursue the matter further he could have cross-examined Wheeler as to whether all the terms thereof had been disclosed, or he could have called upon the prosecutor to reveal the terms, neither of which he did. There is nothing in the record to indicate any intentional concealment by the prosecution. The bald assertion by appellant in his brief that terms existed, other than those previously revealed, does not prove itself. *State v. Sims*, 501 S.W.2d 161 (Mo.1973). Appellant's claim must fail for lack of proof.

Appellant next asserts that the trial court erred "in not permitting [him] to question witness Williams in the presence of the jury, having determined through examination of witness Paul Williams out of the hearing of the jury that the jury had not been fully informed of the agreement between the State and Wheeler."

Mr. Williams was the appointed attorney for Wheeler. He was called as a witness by appellant, and when he was asked about plea negotiations on behalf of Wheeler the trial court called for a conference with counsel. Two conferences were held "off the record," but there is absolutely nothing in the record to indicate, as asserted by appellant, that the court examined Mr. Williams and determined that the jury "had not been fully informed of the agreement between the State and Wheeler." Therefore, the only language in the point that pertains to a possible issue is that the court erred "in not permitting [appellant] to question witness Williams in the presence of the jury," and this is so indefinite as to present nothing for appellate review. However, again in the exercise of our discretion we have looked to appellant's argument in effort to ascertain his real contention.

Following the first conference, counsel for appellant said: "It is my understanding from the Court's previous statement made off record * * * that he is not going to permit the defendant to inquire of Paul Williams * * * as to whether or not [the prosecutor] has made a deal with witness Wheeler, also a co-defendant. That if he were to testify in the case against [appellant], that he would recommend twenty-five years to this Court * * * to run concurrent with his present sentence, but that if this Court did not go along with it, that he would dismiss the charge." The Court then corrected the statement of appellant's counsel as follows: " * * * the Court did not put it quite in the language you did. The Court is not refusing to allow Mr. Williams to testify. The Court says that counsel cannot waive the Attorney-Client privilege." Counsel for appellant then stated: "Oh, all right. Well then do I take it that the Court is going to permit me to ask Mr. Williams if [the prosecuting attorney] did promise to dismiss the charge if the Court did not go along with the twenty-five years?" A second conference was then

held "off the record," after which the Court stated: "The Court will rule and is ruling that only Mr. Wheeler may waive the Attorney-Client privilege as to any conversation that he and his attorney might have had in respect to this case or with the prosecuting attorney under the Attorney-Client relationship. Unless Mr. Wheeler waives that privilege himself, the Court takes the position that the attorney cannot waive that privilege." Appellant then excused the witness and asked no further questions.

■ ■ We do not know what proceedings were had or what comments were made "off the record," and there was no formal offer of proof made by appellant. Also, whether communications are privileged is question of law for the Court, *Hutchinson v. Steinke*, 353 S.W.2d 137 (Mo.App.1962), and after the "off the record" conferences the trial court determined that at least some of the communications sought to be placed in evidence through Wheeler's attorney were privileged. Appellant argues in his brief that he was entitled to determine the terms of the plea bargain offered the witness Wheeler in exchange for his testimony, and that a conversation concerning those terms is not privileged when conducted in the presence of or to a third person. We are inclined to agree with this general assertion. However, we cannot determine with any degree of assurance that the trial court precluded such testimony. As far as shown by the record the trial court ruled that (1) it was not refusing to allow Mr. Williams to testify, and (2) only Mr. Wheeler could "waive the Attorney-Client privilege (a) as to any conversation that he and his attorney might have had in respect to this case, or (b) with the Prosecuting Attorney *under the Attorney-Client relationship.*" (Italics added). We must frankly admit that we do not completely understand the meaning of the portion of the ruling of the court which we have italicized, and we cannot determine that what appellant wanted to show was precluded by the ruling. The record only shows that following the ruling appellant excused the witness without making an offer of proof. We further note: Wheeler was present or was available, but appellant made no request to him that he waive the privilege. Wheeler had previously testified and had been cross-examined by appellant concerning the terms of the agreement he had with the prosecuting attorney, but he did not deny the existence of any terms of the agreement about which inquiry was made. Also, the prosecuting attorney was available to give sworn testimony concerning the terms of the agreement with Wheeler. We gather the impression that appellant preferred to preserve the contention of error pertaining to the use of Williams as a witness rather than use available witnesses to place before the jury that evidence which he now asserts he wanted to present. In view of these circumstances, and because of the insufficiency of the point, and because in the absence of an offer of proof we cannot determine from the record with any assurance that the ruling of the trial precluded the production of the evidence sought, we find no prejudicial error requiring the reversal of the judgment.

The remaining five points in appellant's brief each pertains to a contention which appellant admits was not preserved for appellate review either because no timely objection was made, or the issue was not presented in the motion for new trial, or both. Appellant urges in each instance that plain error resulted within the meaning of Rule 27.20(c), a contention that has become almost a routine assertion. We have carefully considered each contention, and have concluded that in each instance no prejudicial error resulted which would have required reversal of the judgment even if the issue had been properly preserved for appellate review, and in such event it follows that there could not be plain error within the meaning of Rule 27.20(c). We shall discuss each contention only to the extent necessary to demonstrate the absence of any error.

Appellant first complains of two statements by the prosecuting attorney made in oral argument. He contends they "personalized" the argument and urged his conviction "to prevent him from committing other crimes." We do not agree with this characterization of the argument. We need not set out the precise language used, but it may fairly be said that it falls squarely within the rule announced in *State v. Laster*, 365 Mo. 1076, 293 S.W.2d 300 (Mo. banc 1956),

> "It has long been held that so long as a prosecutor stays within the record and its reasonable inferences, he may legitimately argue the necessity of law enforcement as a crime deterrent, and he may argue also that the responsibility for the suppression of crime and the protection of the public rests upon the trial juries."

■ The trial court has wide discretion in determining the latitude in permitting argument of counsel, and an appellate court is not to reverse in the absence of an abuse of discretion. *State v. Taylor*, 508 S.W.2d 506 (Mo.App.1974). There was no abuse of discretion in this case, and the proper exercise of discretion can never result in plain error within the meaning of Rule 27.20(c).

■ Appellant next asserts that prejudicial error resulted when the trial court overruled his challenge for cause as to two veniremen. This also presents a situation where the trial court has wide discretion, *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972), and our review discloses no abuse of discretion. But, there is another reason why no error is demonstrated. The record does not disclose whether either of the challenged veniremen served as jurors, or if stricken whether they were stricken by appellant or by the State. In *State v. Tippett*, 317 Mo. 319, 296 S.W. 132 (1927), in a similar factual situation, the court said: "The juror was struck off, it does not appear by whom, and did not sit on the trial. Under these circumstances no error appears." See also *State v. Battles*, 357 Mo.

1223, 212 S.W.2d 753 (1948); and *State v. Daugherty*, 484 S.W.2d 236 (Mo.1972).

■ Appellant also asserts that Instruction No. 6, the verdict directing instruction, did not include a reference to the defense of alibi. MAI–CR 2.04 requires "a cross reference in a separate numbered paragraph to each special negative defense *upon which a separate numbered instruction has been given*", and it is specifically provided that "Alibi is not a 'special negative defense.' "

■ The next contention is that the court did not instruct the jury "that it should receive the testimony of an accomplice with care and weigh it with great caution," but appellant admits that no such cautionary instruction was requested. The trial court gave MAI–CR 2.01 which is the required instruction on the believability of witnesses. In Note 2 to MAI–CR 2.01, adopted prior to the trial of this case, it is stated: "Except as may be specifically provided for elsewhere in MAI–CR, no other additional instruction may be given on the believability of witnesses, or the effect, weight or value of their testimony. * * * ." See also the excellent discussion in *State v. Lang*, 515 S.W.2d 507 (Mo.1974) concerning the requirement to give an instruction concerning the testimony of an accomplice, and in the conclusion there reached that even prior to the adoption of MAI–CR there was no duty to give such an instruction when not requested. Appellant cites and relies only on cases pre-dating the *Lang* case and MAI–CR.

■ Appellant's final contention is that he was denied a fair and impartial trial by "the disclosure of the prosecuting attorney in his opening statement and in the State's case in chief that an alleged accomplice * * * Charles Wheeler, would plead guilty to the murder of Dennis Wayne Cox."

First, the prosecuting attorney did not say in his opening statement that Charles

Wheeler would plead guilty. After he outlined briefly the facts, he expected to prove, he said: "We will hear evidence from Mr. Wheeler that he took part in this, admitting the shooting, \* \* \* ." He then referred to the anticipated evidence from other witnesses. Wheeler later testified for the State, and he then stated that he was charged with the murder of Dennis Wayne Cox, that he had an agreement with the prosecutor that if he would testify for the State and subsequently enter a plea of guilty, the prosecutor would recommend a sentence of twenty-five years to run concurrently with his present sentences.

Appellant and Wheeler were not jointly charged, and Wheeler was competent to testify against appellant even though he was an accomplice. Appellant asserts on this appeal that full disclosure of any agreement between the testifying accomplice and the prosecuting attorney was required, citing *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He did not make any objection to the disclosure that Wheeler was to enter a plea of guilty. He cannot now take the position that it would have been reversible error if the jury had not been advised of that part of the agreement pertaining to a plea of guilty by him and also take the position that if this information was placed before the jury it was reversible error.

The judgment is affirmed.

SMITH, C. J., and HOUSER, Special Judge, concur.