**James Robert HOOPER,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 40229.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied
May 17, 1979.

James M. Asher, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals from an order of the circuit court denying his motion to vacate judgment and sentence pursuant to Rule 27.26. We affirm.

In 1974 movant pleaded guilty to charges of second degree murder and assault with intent to kill with malice. The court sentenced movant to terms of forty (40) and twenty (20) years respectively, the sentences to run concurrently. In 1975 he filed his first Rule 27.26 motion, which was denied. Movant appealed to this court, and

we sustained the trial court in *Hooper v. State*, 541 S.W.2d 773 (Mo.App.1976).

On December 19, 1977, movant filed pro se a "Motion for Leave to Proceed with Successive or Amended Motion 27.26." The court considered this a second Rule 27.26 motion. The state filed a motion to dismiss. After reviewing the plea proceedings and the prior motion, the court sustained the motion to dismiss without an evidentiary hearing, but made findings of fact and conclusions of law.

■ Movant first alleges that the court erred in failing to appoint counsel to assist him in presenting this motion to the court, said failure to appoint counsel allegedly depriving him of his constitutional rights. The court's failure to appoint counsel was not a denial of his constitutional rights. *Cole v. State*, 553 S.W.2d 877, 884–885 (Mo. App.1977). In *Westmoreland v. State*, Nos. 39338 & 39664, p. 5 (Mo.App.St.L., December 15, 1978), we said:

"We are fully aware of our Supreme Court's recent decision in *Fields v. State*, 572 S.W.2d 477 (Mo. banc, 1978), which requires appointment of counsel to aid in the redrafting or amendment of a Rule 27.26 pro se motion filed by an indigent. But the effect of *Fields* is prospective . . . ."

Movant's motion was filed in 1977 and the *Fields* mandate does not help him. We do not believe that movant is prejudiced by the refusal to apply *Fields* retrospectively.

■ Movant next contends that the court erred and abused its discretion in determining that movant's second motion raised no new facts which could not have been presented in his first 27.26 motion.

Rule 27.26(c) requires the inclusion of all grounds known to the prisoner; 27.26(d) prohibits the court from entertaining a successive motion when the grounds are new but could have been presented in an earlier motion. The burden is on the prisoner-movant to establish that any new grounds raised in a successive motion could not have been raised by him in a prior motion. Rule 27.26(d).

As a new ground allegedly requiring an evidentiary hearing, movant alleges that his examining physician was incompetent to make a mental examination. We note initially that the movant has failed to meet his burden of establishing that this issue could not have been raised in the previous motion. Furthermore, the record reveals that prior to movant's plea, he requested that he be granted a psychiatric examination under § 552.020, RSMo. (Supp.1975), which examination was made by Richard K. Jacks at Fulton State Hospital. The report found that the movant suffered from no mental disease or defect. The court, upon receiving the report and finding that neither the state nor the movant contested the results, entered a finding that the defendant had the mental fitness to proceed. This procedure was clearly in accordance with § 552.-020. Moreover, we held in *Tillman v. State*, 570 S.W.2d 844, 846 (Mo.App.1978) that contentions regarding the sufficiency of the psychiatric examination should have been brought up at the plea proceeding. Also see *Mikel v. State*, 550 S.W.2d 863, 869 (Mo.App.1977).

Movant further contends that his allegations of the ineffective assistance of his appointed attorney in his first 27.26 motion raise new grounds.

■ A movant is not permitted to challenge the effective assistance of counsel at a first 27.26 motion by means of filing a second 27.26 motion. *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974). To be sure, *Williams* recognizes an exception to the general rule when the attorney at the first Rule 27.26 proceeding was grossly delinquent. The court established that "Situations can be readily conceived where the prisoner should not be foreclosed from relief under Rule 27.26(d), where he did not know of the defect in the original trial and where he was prevented from discovering the existence and significance of the defect due to ineffective assistance of counsel." *Id.* However, we find, as the *Williams* court did, that the exception does not apply here.

A brief consideration of the specific allegations made by movant reveals a uniform lack of merit. While asserting that his appointed counsel failed to amend his first

pro se motion, the movant does not allege in either his second motion or his brief on appeal what changes his attorney could have made to alter the result. Movant next contends that his counsel failed to move for movant's personal appearance when his personal testimony was necessary. The attorney argued for an evidentiary hearing, which was denied; the denial was affirmed on appeal. Since there was no evidentiary hearing, there was no opportunity for movant to testify.

As his next allegation of inadequacy, movant charges that counsel failed to review the trial transcript and failed to investigate the claims raised in his first motion. The record refutes the allegation of counsel's failure to read the plea transcript. Secondly, movant's allegations fail to show in what way a further investigation would have aided him. There is a presumption of competency of counsel and a strong showing beyond mere conclusory allegations must be made before that presumption can be overcome. *Anderson v. State*, 487 S.W. 455, 461 (Mo.1972).

Movant's final allegation is that he was never advised by trial counsel of his absolute right to be able to contest the findings of Fulton State Hospital. This contention relates to his original trial counsel and movant again makes no showing that it could not have been raised in his prior motion. Rule 27.26(d).

Moreover, movant's contentions as to errors relating to the mental examination are strained at best. He requested the examination. The record indicates that he had no complaint with the results. At the plea proceeding, in the presence of the movant, his attorney stated:

> ". . . the accused has no mental disease or defect . . . that the accused has the capacity to understand the proceedings against him and assist in his own defense, that he did appreciate the nature, quality and wrongfulness of his alleged conduct, and was capable of conforming his conduct to the requirements of the law, and that the accused does not require hospitalization pending further proceedings . . ."

Movant had been granted a psychiatric examination by the court prior to the time of his pleas. The findings of that report were introduced into evidence at the request of the court at the time of his pleas. The report established that the movant was competent to stand trial. As we stated in *Hooper v. State*, 541 S.W.2d at 774, "Our reading of the plea proceedings convinces us that movant understood the charges against him, and voluntarily entered his pleas." We find no evidence that movant's condition warranted a second examination or a competency hearing.

Finally, the movant contends that the court erred in construing his Motion for Leave to Proceed with Successive or Amended Motion 27.26 as a second 27.26 motion. The court had lost jurisdiction of the first 27.26 motion and could not permit an amendment of it. We find no error in the court's determination that this was a second 27.26 motion.

Affirmed.

CLEMENS and GUNN, JJ., concur.