Donald BRAUCH, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 64056.

Supreme Court of Missouri,
En Banc.

June 30, 1983.

William F. Brighoff, Troy, for movant-appellant.

John Ashcroft, Atty. Gen., John Reed, Kristie Green, Asst. Attys. Gen., Jefferson City, for respondent.

RENDLEN, Chief Justice.

Movant appeals from an order of the circuit court denying his second motion to vacate judgment and sentence without an evidentiary hearing pursuant to Rule 27.26. The cause was transferred after opinion by the Court of Appeals and is determined here as though on original appeal. We affirm, utilizing much of the perspicuous opinion of Judge Reinhard without quotations.

On June 6, 1974, after a jury trial in the Circuit Court of Lincoln County, movant was found guilty of first degree murder and sentenced to life imprisonment. He appealed to the Court of Appeals, Eastern District, where the conviction and sentence was affirmed on November 4, 1975. *State v. Brauch*, 529 S.W.2d 926 (Mo.App.1975).

Movant's first 27.26 motion was prepared by retained counsel and filed in the Circuit Court of Lincoln County on November 18, 1976. Prior to hearing on the motion, movant discharged his attorney, but before movant's new counsel entered his appearance, the motion was dismissed for failure to state facts on which relief could be granted. In an appendix to its order of dismissal, the trial court found that based on the record, movant's claims were without merit. A motion to set aside judgment and allow movant fifteen days to file an amended petition was filed and denied. No appeal was taken.

On June 13, 1979, movant filed a second Rule 27.26 motion in the Circuit Court of Lincoln County and, after the appointment of counsel, an amended motion was filed. That motion was dismissed on the ground it was movant's second 27.26 motion but the

trial court made no findings of fact or conclusions of law. On appeal, the Eastern District Court of Appeals reversed and remanded for specific findings and conclusions. *Brauch v. State,* 611 S.W.2d 406 (Mo.App.1981).

On April 15, 1981, the trial court entered judgment, with findings of fact and conclusions of law, denying relief to movant. The court found that all of the grounds raised in movant's second Rule 27.26 motion either were raised in his first motion or could have been raised there and rejected movant's claim that his failure to raise the issues in his first motion was due to incompetent counsel.

On Appeal, movant contends (1) his first Rule 27.26 attorney's failure to adequately articulate the reasons for vacating his sentence constituted ineffective assistance of counsel, which denied him the right to a first 27.26 hearing, and (2) the allegations in his second 27.26 motion entitled him to an evidentiary hearing.

Rule 27.26(d) expressly prohibits consideration of a second or successive motion when the ground presented in the later motion was either raised and determined adversely to movant or could have been raised in a prior motion. Movant acknowledges that all but his claim as to ineffective assistance of counsel (i.e. counsel in his first motion) were raised or could have been raised in his first motion.

■ Rule 27.26 is designed to provide a procedure, limited in scope, by which a prisoner may attack his conviction and sentence; it is not intended as a springboard for attack upon prior post-conviction proceedings. *McCormick v. State,* 502 S.W.2d 324, 326 (Mo.1973); *Neal v. State,* 569 S.W.2d 388, 389 (Mo.App.1978). The Rule has been specifically held to preclude an attack on the adequacy of counsel in the preparation and conduct of a prior 27.26 motion. *Neal v. State,* 569 S.W.2d at 389–90. In *Williams v. State,* 507 S.W.2d 664 (Mo.App.1974), the Court of Appeals aptly stated:

A rejection of ... [the] attempt [to challenge the effectiveness of legal representation received in a post-conviction proceeding, totally uncoupled with any colorable attack pertaining to the trial and conviction] is necessitated by the practical consideration that litigation must end sometime. Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. *Huffman v. State,* 487 S.W.2d 549 (Mo.1972); *McCormick v. State,* 502 S.W.2d 324 (Mo. 1973)....

*Id.* at 666–67.

■ Movant seeks solace in certain dictum appearing in *Williams,* to the effect that "[a] prisoner should not be foreclosed from relief under Rule 27.26(d) where he did not know of the defect in the original trial and where he was prevented from discovering the existence and significance of the defect due to ineffective assistance of counsel." 507 S.W.2d at 666. Even if such is correct, and we do not decide that it is, movant does not allege he was prevented from "discovering the existence and significance" of a defect in his conviction due to his attorney's ineffective assistance. Rather, he alleges his attorney was grossly delinquent in preparing the first 27.26 motion by failing to state facts upon which relief could be granted and asks this Court to go beyond the untested dictum in *Williams* and allow a second 27.26 motion when the first was dismissed due to a defect in the attorney's preparation of the first motion. We decline to do so.

■ In his motion for transfer, movant argues the decision of the Court of Appeals was contrary to this Court's holding in *Wheatley v. State,* 559 S.W.2d 526 (Mo.

banc 1977), in which it was held that the trial court could not summarily deny the 27.26 motion of a *pro se* movant for whom counsel had been appointed without giving such counsel notice and an opportunity to be heard. Without reaching the merits of this contention, we note two distinguishing and dispositive features. First, the trial court's action unlike that in *Wheatley* was not alleged by movant as a point of error on appeal and is therefore deemed abandoned. *Ramacciotti v. Joe Simpkins, Inc.*, 427 S.W.2d 425, 426 (Mo.1968). Second, the allegation of such irregularity in a 27.26 proceeding should be raised by appeal from the judgment of dismissal, as was done in *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), not a subsequent 27.26 motion, *Crosswhite v. State*, 438 S.W.2d 11, 12 (Mo. 1969).[1]

It is unnecessary to reach movant's remaining contention because all other grounds urged for vacation of his original conviction were raised in the first motion or could have been raised there. Rule 27.26(d) precludes their consideration in this, a subsequent motion.

As no clear error in the findings, conclusions or judgment of the trial court is shown, Rule 27.26(j), the judgment is affirmed.

WELLIVER, HIGGINS, GUNN, DONNELLY, JJ., and MAUS, Special Judge, concur.

SEILER, Senior Judge, dissents in separate opinion filed.

BILLINGS, J., not sitting;

BLACKMAR, J., not participating because not a member of the Court when cause was submitted.

SEILER, Senior Judge, dissenting.

I respectfully dissent. I would remand with directions to give the defendant a hearing on the merits on his original claim, something which has not yet taken place

despite this case having been in the court system for years. The original rule 27.26 motion was filed in 1976.

Rule 27.26 is designed to decide claims on the merits, not on technical grounds. Defendant's original motion alleged ineffective assistance of counsel in failing to interview the witnesses, both state and defense, failure to preserve trial errors, and failure of the state to disclose in full the agreement made with certain state witnesses. If this motion did not state the claim in sufficient particularity, it at the least stated enough to be susceptible of amendment to state a valid claim, so that the merits of the claim could be reached, an evidentiary hearing held, and the matter disposed of on the merits.

Failure to dispose of the claim on the merits by an evidentiary hearing is what has prolonged this litigation over a period of years. An examination of rule 27.26 cases will show that where there has been an evidentiary hearing and the case decided on the merits, the matter comes to an end. It is the case where there is no evidentiary hearing, despite the fact that the claim sought to be presented is centered on a factual dispute, as in the case here, which will not die. The present post conviction case has three times been in the circuit court, twice in the court of appeals, and now it is here. This represents a large expenditure of time by the courts, most of which could have been avoided by having had an early evidentiary hearing and then and there disposing of the case on the merits.

---

1. There is no allegation movant was abandoned on appeal from denial of his first Rule 27.26 motion.