Delbert D. MARQUESS, Sr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 38210.

Missouri Court of Appeals,
Western District.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Kurt Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

Appellant was convicted upon his entry of a guilty plea to a charge of manslaughter on November 17, 1983. He was then, and prior thereto, represented by appointed counsel, William Chapman, public defender of Pettis County, Missouri.

On April 3, 1985, appellant filed a pro se motion to set aside and vacate his conviction and sentence under Rule 27.26 alleging as grounds, "(a) Defect Counsel = My lawyer did nothing to help me fight my case at all. Other than show up for court setting dates (b) illegal search and seizure = the wrongful taking of "Evidence = By the Sedalia Police Dept." On April 22, 1985, the court appointed Gregory Robinson as appellant's counsel. On December 18, 1985, Robinson filed a motion to withdraw as counsel because of a conflict of interest apparently based upon the court's contended lack of authority to appoint the public defender in Rule 27.26 proceedings. The motion to withdraw was overruled on December 23, 1985, on which date the state's motion to dismiss was sustained without an evidentiary hearing on the finding that movant's complaints against his counsel were refuted absolutely by the record. Appellant filed a pro se notice of appeal to this court, but the court dismissed the appeal on the ground that there was no final, appealable judgment.

On January 20, 1986, Robinson filed a motion for rehearing which was sustained, and on February 24, 1986, appellant appeared in person with counsel Robinson, who again filed a motion to withdraw as counsel on the ground that appellant directed him to do so. Counsel stated to the court that he had nothing to say, and that appellant might like to speak for himself on that matter if that was his wish. Counsel stated further: "I am perfectly willing to do my duty as I see it. I have had a certain amount of contact with Mr. Marquess, I have talked to him down at the State pen*nitenary*, done a lot of correspondence between the two of us, and people purporting to act in his behalf. If the court overrules my motion I would be willing to continue as his attorney."

Appellant then made a lengthy statement to the court in which he said that he had no response to letters he had written to Robinson for 8–½ months, and received one only after he contacted the state public defender, and that Robinson had done nothing for him up to the point when the appeal was filed in this court, which appeal was dismissed by reason of a lack of a final judgment. The court inquired if appellant was prepared to retain an attorney, and he answered that he was not. The court then informed him that it had no choice but to appoint the public defender, and appellant responded that the public defender could not handle 27.26 cases. [That matter was settled in State ex rel. *Public Defender Comm'n v. Bonacker*, 706 S.W.2d 449 (Mo. banc 1986), holding that § 600.042.3(5) requires the appointment of a public defender in Rule 27.26 proceedings.]

It appears that the delay in proceeding with an evidentiary hearing was due to the lack of an entry of appearance by counsel for the state and a lack of preparation of a transcript of the guilty plea proceedings.

The court stated that it would not permit Robinson to withdraw because it would put appellant in a position of having no representation, and overruled the motion to withdraw. Appellant stated that he had filed a suit against Robinson in federal court the previous week. Robinson had not received notice of the suit.

The court stated it was going to proceed on the Rule 27.26 motion unless it was appellant's choice to dismiss. Appellant stated he was not dismissing and not accepting another attorney. Counsel called appellant as a witness, and the court inquired: "Mr. Marquess, do you desire to testify, if so would you be sworn and take the stand. Mr. Marquess, do you desire to

testify? MR. MARQUESS: I want no part of your kangaroo court. You can kangaroo me once you ain't going to do it twice. THE COURT: Is your response, no, that you do not wish to testify? MR. MARQUESS: My response is, it is as I've said it. THE COURT: I take it that you mean you do not wish to testify as you have been given the opportunity. MR. MARQUESS: That's your decision not mine. THE COURT: Mr. Robinson, proceed with any other witnesses or evidence." Counsel stated that appellant was the only witness they had. A true copy of the sentencing transcript was received in evidence by stipulation, and the court took the motion under advisement.

The merits of the denial of the Rule 27.26 motion are not presented on this appeal. Rather, appellant contends that his appointed counsel, Robinson, was ineffective in representing him in this Rule 27.26 proceeding in that an irreconcilable conflict existed; he had received no communication or requested documents from his counsel; and his counsel failed to file an adequate amended Rule 27.26 motion. Appellant asks for a reversal and remand for a new hearing on his motion and for appointment of new counsel therefor.

In *Brauch v. State*, 653 S.W.2d 380, 381[1] (Mo. banc 1983), it was said, "Rule 27.26 is designed to provide a procedure, limited in scope, by which a prisoner may attack his conviction and sentence; it is not intended as a springboard for attack upon prior post-conviction proceedings. (Citing cases.) The Rule has been specifically held to preclude an attack on the adequacy of counsel in the preparation and conduct of a prior 27.26 motion. *Neal v. State*, 569 S.W.2d [388] at 389–90 [Mo.App.1978]." The court cited and quoted from *Williams v. State*, 507 S.W.2d 664, 666–67 (Mo.App. 1974), which held that the reason for the rule is that litigation must end sometime. Here, although counsel, Robinson, did use the same ground for relief as allegedly by appellant pro se, it is not suggested that any other ground existed. A reading of the sentencing transcript shows that the alleged ground was without merit. What

appellant has here done, by his own recalcitrance, is to preclude the trial court from considering any evidence other than the record and files, in ruling the Rule 27.26 motion as to inadequacy of original counsel, Chapman.

The judgment is affirmed.

All concur.