Calvin ADAMS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16050.

Missouri Court of Appeals,
Southern District,
Division Two.

July 24, 1989.

Nancy A. McKerrow, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant pled guilty to charges of assault in the first degree and kidnapping. He was sentenced to consecutive terms of thirty years' and ten years' imprisonment. This proceeding is a motion under Rule 27.26 seeking to set aside those convictions. Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion. Movant appeals. This appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 24.035(*l* ).

Movant's point on appeal is that the trial court "abused its discretion" by denying his request to inspect the files of the attorneys who represented him regarding those charges. He contends this denied him a fair hearing because without access to those files he would be unable to impeach the testimony given by those attorneys and "to fully review whether counsel's actions or inactions in representing appellant were the result of reasoned strategy and effective assistance, or were the result of constitutionally deficient representation."

Two attorneys successively represented movant before he pled guilty to the charges. His first attorney withdrew because of a conflict of interest. Both attorneys testified at the evidentiary hearing for the state. At the close of the testimony of the initial attorney, movant's attorney at the motion hearing asked the court to order that attorney to "go get his file" so that the motion attorney could examine its contents. The trial court refused to do so. A similar request was made of movant's second attorney and the trial court "for whatever reason under the law supports this decision" again refused to make such an order.

■ Respondent contends that movant's contention is not one for appellate review because Rule 27.26 is designed to correct defects which led to the original sentencing. Respondent states in its brief that "if a prisoner were permitted to challenge evidentiary rulings by the motion court at an initial 27.26 hearing on appeal, and was successful, he could likewise challenge evidentiary rulings by the motion court at his second hearing. This could go on 'ad infinitum' and 'intolerably clutter the courts and would reduce the whole legal process to ridicule.'" Comparing movant's contention to successive claims of ineffectiveness of legal counsel in handling Rule 27.26 motions respondent cites and quotes from *Brauch v. State,* 653 S.W.2d 380, 381 (Mo. banc 1983), quoting *Williams v. State,* 507 S.W.2d 664, 666–667 (Mo.App.1974). That quote is set out below.[1]

We disagree with respondent as to our review. If movant was not entitled to review of such a contention then on evidentiary and other matters he could be prevented from raising points on appeal that might have denied him a fair hearing.

1. A rejection of ... [the] attempt [to challenge     the effectiveness of legal representation received

We do not find, however, that movant was denied a fair hearing here. Any requests that the court order a witness to obtain documents is addressed, as movant seems to acknowledge, to the discretion of the trial court. *State ex rel. Scott v. Berberian*, 109 R.I. 309, 284 A.2d 590, 595–596 (1971). See also 97 C.J.S. Witnesses § 25, p. 377. A subpoena duces tecum is the proper way to get records in the possession of another before the court. *Id.* 284 A.2d at 596. See also *Stanford Daily v. Zurcher*, 353 F.Supp. 124, 130 (N.D.Cal. 1972), rev'd. on other grounds, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978) (In all but a few instances a subpoena duces tecum is the proper and required method of obtaining material from a third party).

At least one of the attorneys' depositions had been taken and there were indications that movant's attorney at the motion hearing was supplied material from both of their files. To have entered the order requested would have resulted in delays for one of the attorneys to have secured his file and for movant's counsel and perhaps movant to have reviewed them. This would have caused an interruption in the hearing which might have been avoided had the records in the files been subpoenaed in advance of the hearing. We find no abuse of discretion in denying the requests. Nor can we say that the findings, conclusions, and judgment of the trial court were clearly erroneous on any other basis. Rule 27.26(j).

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

in a post-conviction proceeding, totally uncoupled with any colorable attack pertaining to the trial and conviction] is necessitated by the practical consideration that litigation must end sometime. Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. *Huffman v. State*, 487 S.W.2d 549 (Mo.1972); *McCormick v. State*, 502 S.W.2d 324 (Mo.1973)....