**STATE of Missouri, Respondent,**

**v.**

**Robert Ronald WILLIS, Appellant.**

**No. 50855.**

Supreme Court of Missouri,

Division No. 2.

Feb. 8, 1965.

Thomas F. Eagleton, Atty. Gen., Gary A. Tatlow, Asst. Atty. Gen., Jefferson City, for respondent.

John D. Chancellor, Public Defender Bureau, St. Louis, for appellant.

PRITCHARD, Commissioner.

Defendant appeals from an order overruling his motion brought under Supreme Court Rule 27.26, V.A.M.R., in which he sought to correct a sentence of 10 years in the Department of Corrections for the crime of stealing, or to vacate the judgment of conviction thereof. He was orig-

inally found by a jury to have been not guilty of the charge of burglary against him and was found guilty of the charge of stealing property over the value of $50. The jury also found that defendant had previously been convicted of a felony under the then applicable Habitual Criminal Act and punishment was imposed by the jury under Section 560.161, subd. 1 (2), RSMo 1959 (Laws 1955, p. 507, as amended Laws 1957, p. 374, § 1, which was in effect at the time of defendant's offense, June 14 or 15, 1958). For the opinion in the previous appeal see State v. Willis, Mo., 328 S.W.2d 593.

■ By his first point defendant seeks to have reviewed his allegation in his present motion to correct (reduce) his sentence upon the ground that he should have been sentenced to five years only for stealing under Section 560.110, RSMo 1959, V.A. M.S., instead of § 560.161, supra. There is included in the present transcript on appeal a prior motion based upon identical grounds as here to correct defendant's sentence which was overruled by the trial court on December 4, 1961, and from which no appeal was taken. That order of the trial court constituted a final judgment and is not now reviewable. See State v. Thompson, Mo., 324 S.W.2d 133, 136 [5], where the court said, "If a prisoner files a motion pursuant to Rule 27.26, which is considered, overruled, and no appeal taken, a subsequent motion or successive motions based on the same grounds, and seeking similar relief, need not be entertained by the court, inasmuch as the order overruling the former motion is 'deemed a final judgment' within the purview of Rules 28.03 and 28.04. (Citing cases)." Point I is overruled. As hereinafter appears, defendant has made additional and different allegations in his motion as grounds for relief, and therefore such further allegations should be considered. State v. Moreland, Mo., 351 S.W.2d 33, 37.

Under Point II defendant contends that the trial court erred in failing to sustain his motion to vacate judgment for the failure of the trial court to appoint counsel for him on appeal, or in the alternative, to grant him the use of the transcript on appeal. We advert to our file copy of the transcript in the previous appeal, and we find that defendant was afforded assistance of counsel, Mr. Vincent Moody, at all stages in the trial below, including the preparation and filing of the motion for new trial. At no time does it appear that defendant's trial counsel was ever relieved by the court as defendant's representative. For all that appears here it may well have been the strategy of defendant's counsel to rest upon the assignments of error in the motion for new trial and not to brief and argue the case upon appeal. This may well be true especially in view of the long-established practice of this court to consider all matters properly raised in the motion for new trial and those considered upon the record proper. In this case quite apparently all of defendant's assignments of error were reviewed, including the submissibility of the state's case against him. See discussion of the matter of right to counsel upon appeal, State v. Donnell, Mo., 387 S.W.2d 508. Furthermore, there was *never any request* by defendant to this court or the court below to appoint counsel for him on appeal, or any suggestion (until now) that defendant's counsel who served him during the entire proceedings below had then abandoned him upon the original appeal.

■ The record of the trial further reveals that defendant was permitted to appeal as a poor person upon his application. Section 485.100, RSMo 1959, V.A.M.S., provides that a free copy of the transcript on appeal be furnished upon an order that he may appeal as a poor person. That section of the statutes has been held to apply to an order of the trial court and that this court is without authority to order that a transcript be furnished. State v. Charlton, 363 Mo. 370, 251 S.W.2d 82. Supreme Court Rule 82.12, V.A.M.R., and Section 512.110, RSMo 1959, V.A.M.S., provide

that copies of the transcript be prepared and filed with the clerk of the proper appellate court and with the clerk of the trial court. Irrefutably against defendant is the fact that *nowhere* in the record of the original case, or in our files, *does he request* that the transcript be made available to him. In the ordinary course of events defendant's trial counsel (who, as noted, was never discharged or relieved of his duties) could have examined the transcript in the office of the clerk of the trial court, or *upon request*, defendant could have himself borrowed it. Point II is overruled.

■ Point III embodies defendant's complaint that the trial court erred in refusing to grant him a hearing on his allegation that the state willfully suppressed certain evidence favorable to defendant. Under this point defendant says that certain evidence in the form of laboratory analyses of blood specimens was suppressed. In his motion below defendant stated with more particularity that he was continually denied the use of police laboratory analyses and that blood was found at the scene of the burglary and also on defendant's shirt. Apparently the contention is that the laboratory analyses would prove that the blood found at the scene of the crime or that found upon his shirt was not his blood. We have examined the previous transcript of the record in the previous appeal and we find no request by counsel for defendant to produce the laboratory analyses, no objection to any allusion to the same during the testimony, or even the slightest indication that the state suppressed or unfairly kept out of the case any laboratory reports. Furthermore, defendant's counsel argued to the jury the permissible inference against the state because of its failure to present as evidence the laboratory analyses of the blood samples in question. The contention is without merit.

■ Defendant's further assertion that the state's witness, Patrolman James Bresnan, gave perjured testimony is insufficient.

He says in his motion, "Further that, petitioner brings to this Honorable Court's attention the fact that, the arresting officer who was also the investigation officer and the police officer who testified before this Honorable Court and a jury at petitioner's trial, while under oath, *either by honest mistake* or intentionally committed perjur*ory* by testifying to untrue events that had suppos*eably* took place, concerning the first *a*vents leading up to petitioner's arrest on June 15th, 1958 (*ad*vents that had never took place)"; and "That the jury convicted petitioner on false evidence, know*nly* presented by the State the same being false testimony given by the arresting-searching-investigating officer, who was the only police officer to testify at petitioner's trial, and who testified falsely (See: trans.)." (Emphasis ours.) First, defendant does not point out what testimony given by the officer was false; second, he says that the officer, "either by *honest mistake* or intentionally committed perjur*ory*," testified to untrue events (without directing attention to what events). If the officer made an "honest mistake" it could not be perjury. The allegations of perjury are mere conclusions. No facts are alleged or shown to indicate that the state knowingly used false testimony, or knowingly failed to correct testimony which it knew to be false. State v. Statler, Mo., 383 S.W.2d 534, 537 [3, 4]; State v. Worley, Mo., 383 S.W.2d 529, 531 [1, 2]; and State v. McMillian, Mo., 383 S.W.2d 721, 722. Point III is overruled.

Other allegations in defendant's motion seem to be based upon his right to a new trial because of newly discovered evidence relating to an alibi and other matters which might tend to controvert the state's case. At the trial defendant produced no evidence, and no reason is given as to why any such evidence alleged to be now available could not then have been presented.

The trial court was correct in ruling defendant's motion without a hearing as to evidentiary matters.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.