**Eddie L. IVY, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 9505.**

Missouri Court of Appeals,
Springfield District.

April 23, 1974.

---

1. The crime referred to by appellant is possession of a gun without a serial number, Sec. 564.640, RSMo 1969, V.A.M.S.

Edward F. O'Herin, Malden, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert Presson, Asst. Attys. Gen., Jefferson City, for respondent.

TITUS, Judge.

Eddie L. Ivy pled guilty in the Circuit Court of Pemiscot County April 6, 1971, to forcible rape (§ 559.260 RSMo 1969 V.A. M.S.) and was sentenced to ten years with credit for jail time served. His third Rule 27.26 V.A.M.R. motion was overruled without evidentiary hearing upon a finding that it presented nothing that had not been previously raised and determined adversely to movant. Rule 27.26(d). This appeal ensued.

The December 4, 1970, complaint averred the rape had occurred December 2, 1970. Movant was arrested December 4, 1970, under a warrant issued that date and on December 7, 1970, Raymond A. Klemp was appointed to represent him. The preliminary hearing first set for December 14, 1970, was continued to and conducted on December 17, 1970. Movant was bound over to the circuit court where an information was filed December 22, 1970. Following arraignment and a plea of not guilty on January 19, 1971, appointed counsel moved for a mental examination. The motion was sustained and movant was sent to State Hospital No. 1 where the examination disclosed that he had "no mental defect." As already stated, movant, with

counsel, appeared April 6, 1971, pled guilty, was afforded allocution and sentenced.

The grounds stated in movant's first Rule 27.26 motion filed July 6, 1971, were: "Denial of Sixth Amendment right to effective assistance of counsel. Involuntary plea of guilty was entered in violation of Fifth and Fourteenth Amendment's [sic] to the United States Constitution." These grounds were sandwiched between two diffusions that appointed counsel had not once consulted with movant between the date of appointment and the guilty plea, and that the attorney made no effort "whatsoever to investigate the charge." The unconcentrated indictment culminated with the averment that movant "can see little if any practical difference between his induced plea for reasons of ineffective assistance of counsel and a guilty plea induced by promises and or threats." In other words, movant's despair over counsel's efforts and services is what he claims caused his plea of guilty. Byron D. Luber was appointed to represent movant on this first motion.

In November 1971 John R. Fowlkes was substituted as appointed counsel and hearing on the first motion was set for December 1, 1971. On the latter date, however, movant expressed a desire to secure counsel of his own selection and the hearing was continued for that purpose. Movant's second pro se Rule 27.26 motion was filed January 13, 1972, wherein he asserted that the first motion should be "throwed [sic] out and the one Here used in its place." In the second motion where movant was directed to "State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence," he wrote: "See: Supplementary Page." This page consisted of the description of a county jail that "is filthy and dirty, unfit for a pig to sleep in [or] for human habitation," a purported jail menu for a week calling for "seven days of starch, puntive [sic] damage to the body," and a declaration that "All of this goes in involuntary

plea. . . . My rights have been violated in containing a line-up and a phone call. I am entitled to a time cut."

When no employed counsel appeared for movant, Mr. Fowlkes was reappointed. The two motions were ordered consolidated for hearing although the order recited a finding that the second motion "does not allege grounds requiring an Evidentiary Hearing [and] Hearing is granted only on issues raised in the original motion." Nevertheless, and contrary to this order, movant was given full rein at the March 27, 1972, hearing to testify on all subjects of his choosing.

At the evidentiary hearing, and contradictory of the allegations in the first motion anent the utter dearth of contact between client and counsel from the time of appointment to the guilty plea, movant recounted that he had discussions with Mr. Klemp, his appointed attorney, in conjunction with the preliminary hearing, arraignment, the motion for mental examination and the plea. Albeit movant insisted "we didn't discuss it enough," he acknowledged that counsel came to see him in jail "when I called him", that his lawyer had advised him of his right to a jury trial and explained the range of punishment provided by statute. Movant understood what "rape" meant when he pled guilty and was under the impression that the sentence was to be fifteen years rather than the ten imposed. When asked "Did anyone coerce you or threaten you in any way . . . beat you up or anything of that nature [to get you to] enter a plea of guilty? Did the Sheriff's office mistreat you in any way?", movant answered: "Well, in one way, yes, . . . the living conditions [in the county jail] is one thing that caused me to plead guilty, . . . because I wanted to get out from . . . over there. . . . . . . and another one, my lawyer kept telling me . . . if I go to a jury trial . . . I would get life and that they had all the evidence they wanted or needed against me . . . .. Q. . . . isn't . . .

the main reason that you filed this Motion was to get your time cut down? A. . . . that is the main reason. Q. It wasn't that you didn't know what you were doing when you pleaded guilty but it was that you thought you had gotten too much time for it, isn't that correct? A. Well, for something I didn't do, yes it was." Movant agreed that "one of the main reasons" for his motion was to obtain a "Time cut or either a parole."

Omitting details, Mr. Klemp, movant's counsel on the rape charge, testified he had discussed the matter with movant several times during the preliminary phase of the case and several times thereafter. In addition, he conferred with movant at the time of each court proceeding, talked with two others who were said to have participated in the rape, conferred by telephone with movant's mother, inspected the scene of the crime, attempted to locate possible witnesses suggested by movant, and discussed the matter of sentence recommendations with the prosecuting attorney. The transcript of the proceeding at the time the plea of guilty was entered was offered as an exhibit and attests that counsel had urged a parole as movant said he represented he would do. In this regard, movant testified that the attorney had admonished that although he would seek parole, "he didn't think it would work."

When the hearing was concluded the court dictated, inter alia, the following findings: "Let the record show . . . that the Court finds from an examination of the transcript of the proceedings in this cause, which includes the proceedings [on the motion for mental examination and at the time the plea of guilty was entered and] the Court files, the Court finds that the motion and the evidence produced, that the movant has totally failed to carry the burden of proof and convince this Court that he did have incompetent counsel. And the Court does find that Mr. Klemp, who acted as his Court appointed Attorney represented him in the preliminary hearing and in all proceedings in Circuit Court

. . ., and that there is a total lack of any proof showing that Mr. Klemp was incompetent or failed to do anything that should have been done or did anything incorrectly in his representation of this Movant . . .. [Movant was] entitled to competent counsel and the Court has found that he was afforded and did have competent counsel at all proceedings held in the original criminal case." The motion was denied and no appeal was taken from the judgment entered in accordance with the denial.

The third Rule 27.26 motion with which we are directly concerned was filed January 3, 1973. Grounds enumerated "for vacating, setting aside or correcting your conviction and sentence" were: "(a) Involuntary Plea (b) The Warrant of arrest was void (c) The Information was void on its face for the Words of Violently and feloniously. (d) The Preliminary hearing was set for more than ten days, at a time. (e) Ineffective counsel." The motion acknowledged that "Involuntary Plea [and] Ineffective Counsel" were grounds which had been previously adjudicated in a prior motion. In explaining why the additional grounds "were not raised in the earlier proceedings," the motion stated: " (a) Warrant of Arrest, because the attorney would not amend the 27.26 motion and flat refused to help. (b) Preliminary Hearing —Same as above." James A. Vickrey was appointed to represent movant on this motion.

On February 6, 1973, the following entry was made: "Movant appears by . . ., his Court appointed attorney and State appears by . . ., Prosecuting Attorney and court takes up this third 27.26 Motion for Consideration and after careful consideration of the entire file in said cause and also study of previous 27.26 motions . . ., the Court finds no new matters in the instant motion not heretofore ruled on or now requiring an evidentiary hearing, and the Court does overrule the instant motion." Edward F. O'Herin was appointed to represent movant on this appeal,

which he has been permitted to pursue in forma pauperis.

We are of the opinion that the court nisi correctly overruled movant's third Rule 27.26 motion for the reasons that:

■ 1. The third motion expressly states that two of the grounds alleged therein, i. e., involuntary plea and ineffective counsel, had been raised in a previous motion which was denied. Rule 27.26(d) prohibits the entertainment of successive motions "where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application." In addition, and another reason why movant had no standing with respect to these two grounds in the instant motion, is that he exhausted his remedy thereto when his prior motion, based upon the same grounds, was overruled and he did not appeal. An order overruling a Rule 27.26 motion is a final judgment within the meaning of the rules relating to appeals. State v. Campbell, 307 S.W.2d 486, 490[7] (Mo.1957), cert. den., 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed.2d 718.

■ 2. Rule 27.26(e) does not require an evidentiary hearing on a motion where it "and the files and records of the case conclusively show that the prisoner is entitled to no relief." The trial court may rule this point on the pleadings and the records of the court. Donaldson v. State, 493 S.W.2d 677, 679 (Mo.App.1973). Ground (b) in the third motion that the warrant of arrest was void, is supplemented with the averment that it "was void for not having the seal of the court on it as stated in . . . Rule 21.08 'If such warrant is issued under the hand of the judge or magistrate, it need not be sealed but if it is issued under the hand of the clerk of the court, the seal of the court shall be attached thereto.' " The circuit court had access to and specifically declared that it had carefully considered "the entire file." The file (which we have inspected) contains the warrant for arrest

that was issued under the hand of the clerk and which, contrary to movant's suggestion, was issued under and bears the seal of the court. In such circumstances movant was entitled to no relief on ground (b). As to ground (c) that "the information was void on its face for the [inclusion of the] words of violently and feloniously," we need merely observe that the trial court had the information, as do we, and could determine without an evidentiary hearing that it was sufficient. An information charging that defendant "unlawfully, violently, and feloniously did make an assault in and upon one . . . , and her, the said . . . , then and there unlawfully, forcibly, and against her will feloniously did ravish and carnally know," was held sufficient in State v. Goodale, 210 Mo. 275, 282 [1], 109 S.W. 9, 11[1] (1908). The information charging movant with rape, is in the exact same language. The facts set forth in the second paragraph of this opinion disprove ground (d) of the third motion upon the claim that "the preliminary hearing was set for more than ten days, at a time." It is assumed this refers to Rule 23.06 which provides that the preliminary examination "may be adjourned from time to time as the occasion requires, not to exceed ten days at one time." The record, available to and conned by the trial court, shows but a single adjournment for seven days. Also, and in addition to the foregoing, coupled with all that was available to the trial court from the transcript of the proceedings conducted when the guilty plea was entered and the transcript of the evidentiary hearing held on the prior Rule 27.26 motions, it could have reasonably found and concluded, without a further evidentiary hearing on the third motion that movant's dissatisfaction with the conditions of the jail in which he was kept while awaiting trial is no ground for vacating a sentence follow-

ing a guilty plea [Beach v. State, 488 S. W.2d 652, 655[6] (Mo.1972)], and that movant's plea was made voluntarily with understanding of the charge. Pauley v. State, 487 S.W.2d 565, 566[3] (Mo.1972); Colbert v. State, 486 S.W.2d 219, 221[2] (Mo.1972).

Our consideration of this appeal is completed with two exceptions. In his appeal brief movant avers the third motion raised a factual issue on ineffective assistance of counsel because his court appointed attorney failed to appeal the adverse rulings on the prior Rule 27.26 motions. He also says the trial court failed to make findings of fact and conclusions of law as required by Rule 27.26(i). To the first contention we note the third motion did not set forth the ground that no appeal was taken from the rulings on the prior motions. Ergo, this point is not properly here on appeal. Moreover, such a claim is not pertinent to a Rule 27.26 motion which is limited to testing the validity of a sentence and not designed for exploring alleged errors of counsel in previous motions. Movant's remedy in this regard was via appeal. Crosswhite v. State, 438 S.W.2d 11, 12[3] (Mo.1969). As to the second contention, and since, as we have held, no issues were presented to the trial court requiring an evidentiary hearing, there was no need for any findings of fact or conclusions of law other than those stated in the order overruling the motion. Huffman v. State, 487 S.W.2d 549, 554[6] (Mo.1972).

The judgment is affirmed.

HOGAN, C. J., STONE and BILLINGS, JJ., and DOUGLAS W. GREENE, Special Judge, concur.