**Walter Eugene MORSE,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10154.**

Missouri Court of Appeals,
Springfield District.

July 19, 1976.

David G. Neal, Eminence, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Chief Judge.

This is a post-conviction proceeding under Rule 27.26, V.A.M.R., to vacate a 1973 sentence.[1] The trial court appointed counsel, conducted an evidentiary hearing, and denied appellant's motion. We affirm.

The record reflects that is appellant's *second* motion to vacate the seven year sentence and judgment he received for felonious stealing. His present motion acknowledges his earlier motion but he avers his initial motion should be ignored because it was improperly drafted without legal assistance.

Paragraph (d) of Rule 27.26 prohibits a second or successive motion ". . . [W]here the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion . . . ." This paragraph further places a burden on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

Appellant's initial motion was filed March 25, 1975, and, inter alia, complained

---

1. Affirmed on direct appeal in *State v. Morse,* 514 S.W.2d 375 (Mo.App.1974).

of his trial counsel and the fact a subpoena for a material defense witness [David Offutt] was withdrawn. The trial court dismissed the motion on March 26, 1975, and no appeal was taken from the judgment.

The present motion was filed May 21, 1975. It alleges appellant's trial attorney was ineffective because of the latter's failure to investigate the case or secure the presence of an important defense witness [David Offutt] and appellant was denied compulsory process for obtaining witnesses in his favor.

We are of the opinion that appellant's instant motion falls squarely within the prohibition contained in paragraph (d) of Rule 27.26 and is a second or successive motion. Appellant exhausted his remedy under Rule 27.26 when his prior motion, based upon the same grounds as his present motion, was overruled and he did not appeal. *Ivy v. State*, 509 S.W.2d 148 (Mo.App. 1974). Furthermore, if it be assumed that the present grounds are "new", they could have been raised in appellant's prior motion to vacate.

The judgment is affirmed.

All concur.