Robert J. HAMILTON, Appellant,

v.

STATE of Missouri, Respondent.

KCD 28690.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., David L. Baylard, Asst. Atty. Gen., Jefferson City, for respondent.

Before Wasserstrom, P. J., and SOMERVILLE and TURNAGE, JJ.

WASSERSTROM, Presiding Judge.

Appeal from denial of a second motion under Rule 27.26. We affirm.

Appellant was convicted of first degree robbery on a plea of guilty in 1970. In 1971, he filed a motion to set aside the conviction under Rule 27.26 on three grounds, all of which were overruled by Judge Stubbs, by whom the conviction had been entered. That ruling was appealed, and in *Hamilton v. State*, Mo.App., 490 S.W.2d 363 (1973) this court affirmed the ruling by Judge Stubbs as to two of the grounds stated in the motion, but remanded the case for a consideration and finding as to "[w]hether the trial court improperly and erroneously considered another unproved charge of other offenses of armed robbery and murder." On March 8, 1973, Judge Stubbs filed additional findings to the effect that prior to sentencing appellant he did not consider untried criminal offenses. No appeal was taken from the order of March 8, 1973.

On September 4, 1975, appellant filed the present (his second) motion under Rule 27.-26. This motion in greatly summarized form complained: (a) that appellant's sentence was unconstitutional for the reason that the court considered an untried criminal offense to enhance the criminal punishment; and (b) that Judge Stubbs improperly undertook to become a judge of his own

credibility with respect to whether or not he had considered a different untried alleged offense in entering this sentence and that a hearing should have been held in which Judge Stubbs could have been cross-examined and contrary evidence could have been presented. Upon the filing of this second motion, Judge Stubbs disqualified himself and the cause was transferred to Judge Marsh for hearing. The order by Judge Marsh overruling the motion without an evidentiary hearing constitutes the subject of the present review.

■ The single point assigned as error is that the trial court (presumably meaning Judge Marsh) erred in overruling the motion without an evidentiary hearing because the allegations of the motion could not be resolved by the trial judge's (presumably meaning Judge Stubbs') unsworn, uncross-examined "statements of fact" (presumably meaning Judge Stubbs' supplemental findings of fact dated March 8, 1973). This point attempts to throw all proceedings under both 27.26 motions into one hodgepodge and is presented and argued as if the new motion filed September 4, 1975, were simply a continuation and a part of the first motion filed in 1971. This assumption constitutes an error fatal to appellant's position. His original motion came to an end when the time expired for an appeal from Judge Stubbs' supplemental findings dated March 8, 1973. When no appeal was filed, the order became conclusive and res adjudicata. Appellant exhausted his remedy under 27.26 at that point. *State v. Thompson*, 324 S.W.2d 133 (Mo. banc 1959); *State v. Willis*, 386 S.W.2d 387 (Mo.1965); *State v. Campbell*, 307 S.W.2d 486 (Mo.1957); *Morse v. State*, 539 S.W.2d 325 (Mo.App.1976); *Ivy v. State*, 509 S.W.2d 148 (Mo.App.1974). The present motion cannot substitute for the appeal which was not taken timely in 1973.

■ Nor does this second motion lie to attack alleged defects in the proceedings conducted on the original motion. *McCormick v. State*, 502 S.W.2d 324 (Mo.1973); *Duncan v. State*, 524 S.W.2d 140 (Mo.App. 1975); *Foster v. State*, 520 S.W.2d 684 (Mo.

App.1975); *Williams v. State,* 507 S.W.2d 664 (Mo.App.1974).

The present second motion under Rule 27.26 therefore stated no ground upon which relief could be granted and it was properly overruled by the trial court.

Affirmed.

All concur.