**James Clarence HAYNES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38670.**

Missouri Court of Appeals, St. Louis District, Division One.

May 3, 1977.

Motion for Rehearing or Transfer Denied June 9, 1977.

Robert C. Babione, Public Defender, Joseph W. Warzycki, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Judge.

Movant appeals from the trial court's action denying, without evidentiary hearing, his second motion for post-conviction relief pursuant to Rule 27.26 V.A.M.R. We affirm.

Movant was convicted of murder in the first degree in October, 1970 and sentenced to life imprisonment. His conviction was affirmed on appeal. *State v. Haynes,* 482 S.W.2d 444 (Mo.1972).

In December, 1973, movant filed his first motion for postconviction relief pursuant to Rule 27.26. Counsel for movant was appointed, and after an evidentiary hearing, the motion was denied.

On the appeal of the first motion, movant raised two Points Relied On: (1) ineffective assistance of counsel due to a failure to investigate and (2) ineffective assistance of counsel in failing to lay a proper foundation in order to introduce impeaching testimony. Both points were considered on appeal, and ruled against movant. The denial of the first motion was affirmed on appeal. *Haynes v. State,* 534 S.W.2d 552 (Mo.App. 1976).

On September 10, 1976, movant filed a second motion under Rule 27.26 again contending he was denied effective assistance of counsel. The trial court denied movant's second 27.26 motion without an evidentiary hearing. The trial court found that the issues presented by the second motion "were presented to the court on the prior motion and ruled adversely to movant."

■ We have examined movant's brief filed in the first appeal and the brief filed in the case at bar. Except for two paragraphs in the statement of facts, the brief in the case at bar is an exact, word for word duplication of the brief filed on appeal in the first 27.26 motion. The Points Relied On in this appeal are identical with the Points Relied On in the first appeal and decided adversely to movant.

The trial court properly denied movant's second motion without a hearing.

■ Rule 27.26(d) expressly prohibits the entertainment of successive motions "where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application." A Rule 27.26 motion is limited to testing the validity of a sentence and is not to be used as a procedure to attack the results of a prior post-conviction proceeding. *Duncan v. State,* 524 S.W.2d 140, 142 (Mo.App.1975); *Ivy v. State,* 509 S.W.2d 148, 153 (Mo.App.1974).

■ The rule remains applicable even if the litigation has an additional citation to offer or a different theory to suggest. *Sweazea v. State,* 515 S.W.2d 499, 501 (Mo. Banc 1974). However, in the case at bar the movant has not even offered an "additional citation" or suggested "a different theory."

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.