**Michael FROST, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30550.**

Missouri Court of Appeals,
Western District.

Oct. 29, 1979.

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Hope E. Thurrott, Special Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, WELBORN and MURPHY, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of relief, without hearing, under Rule 27.26.

On January 7, 1976, Michael Frost entered a plea of guilty to a charge of sale of a controlled substance (heroin) and was sentenced by the Jackson County Circuit Court to eight years' imprisonment. A second count for a similar offense was dismissed.

On February 16, 1977, Frost filed, pro se, a motion under Rule 27.26 to set aside his conviction, alleging that his counsel failed to investigate his case properly, that counsel promised him a bench probation and dismissal of the second count in return for a guilty plea, that the prosecutor threatened him with 20 years' imprisonment and promised him "bench probation," that he was under the influence of drugs at the time he entered his guilty plea, that he was denied effective assistance of counsel "because he could not produce any more money for the said counsel," and that counsel ordered him to answer the court's questions affirmatively at the plea proceedings so that the plea would be accepted.

On February 17, 1977, the sentencing court entered an order, denying the motion on the grounds that the files and records conclusively showed movant was not entitled to relief.

Movant filed a motion for rehearing which was overruled March 4, 1977. The order then entered appointed the public defender to represent movant on appeal from denial of the 27.26 motion.

On August 15, 1977, Frost filed a "Petition for Change of Counsel" in which he stated that, although he had tried to get in touch with the public defender regarding his appeal, the public defender had not answered his letters. The "petition" requested the court to relieve the public defender and appoint another attorney to assist on the appeal. The motion was overruled August 16, 1977.

On July 5, 1978, Frost filed a second pro se 27.26 motion, complaining of the failure of the public defender to assist on appeal from the earlier rejection of his motion. He incorporated his prior motion by reference and added the allegation that counsel had him lie in response to the court's questions regarding deals, threats or promises as inducing the guilty plea.

On August 23, 1978, the court denied the motion, reciting that the record, file and transcript revealed that movant was not entitled to relief.

On October 6, 1978, Frost filed a motion for appointment of counsel on appeal. Counsel was appointed. He sought and obtained an order of this court to permit filing of appeal out of time and this appeal followed.

In this court, appellant first contends that the trial court erred in summarily overruling his motion " * * * for the reason that the movant alleges inadequate assistance of counsel at the plea and failure of counsel at the plea to investigate the matter, * * *."

Insofar as appellant's second motion is concerned, these matters are contained therein only by incorporation by reference of his first motion. However, the determination of these matters adverse to appellant on the first motion was not appealed from. The judgment on the first motion became final and is res judicata of the matters therein alleged. *Hamilton v. State*, 548 S.W.2d 267 (Mo.App.1977). Therefore, the trial court did not err in summarily overruling the motion insofar as such allegations are concerned. *Haynes v. State*, 552 S.W.2d 284, 285[1] (Mo.App.1977).

Insofar as the second motion asserted the failure of the public defender to assist on the appeal from the first motion, Rule 27.26 may not be employed as a procedure to attack the result of a prior 27.26 proceeding. *McCormick v. State*, 502 S.W.2d 324, 326[2, 3] (Mo.1973); *Haynes*. Therefore, the allegation in the second motion in this regard did not require appointment of counsel and a hearing on that motion. The trial court did not err in summarily rejecting this ground of relief.

Judgment affirmed.

All concur.