Ronald DRAKE, Appellant,

v.

STATE of Missouri, Respondent.

No. 53897.

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 14, 1988.

Application to Transfer Denied
July 26, 1988.

66

Dorothy Mae Hirzy, Sp. Public Defender, Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Ronald Drake, appeals from the denial of his second Rule 27.26 motion without an evidentiary hearing. Drake was convicted by a jury of first degree murder and sentenced to life imprisonment. His conviction was affirmed on direct appeal. *State v. Drake*, 518 S.W.2d 335 (Mo.App., E.D.1975). Drake then brought his first Rule 27.26 motion which was denied after an evidentiary hearing. The denial of the motion was affirmed on appeal. *Drake v. State*, 582 S.W.2d 711 (Mo.App., E.D.1979). He now appeals from the denial of his second Rule 27.26 motion; Drake alleges that the trial court violated his constitutional rights by not instructing the jury on the lesser degrees of murder and that he received ineffective assistance when counsel did not object to the trial court's decision to only offer a first degree murder instruction. We affirm the motion court's order denying Drake's second Rule 27.26 motion.

Rule 27.26 specifically states that a second motion cannot be maintained "where the ground presented is new but could have been raised in the prior motion...." Rule 27.26(d). The rule is intended, where possible, to discover and adjudicate all claims for relief in *one* application. *Futrell v. State*, 667 S.W.2d 404, 408 (Mo. banc 1984). The movant has the burden of establishing that any new grounds which are raised in a second Rule 27.26 motion could not have been asserted in the first motion. *Willen v. State*, 648 S.W.2d 134, 135 (Mo.App., E.D.1983). Drake's first Rule 27.26 motion did not allege that the trial court erred when it determined that only an instruction on first degree murder was proper. His second motion fails to allege any reason as to why this claim could not have been presented in the first motion. As to the allegation of ineffective assistance of counsel, Drake's first Rule 27.26 motion did raise this issue. It is forbidden to entertain a claim in a second Rule 27.26 motion where the ground presented was raised and determined adversely to movant, Drake, in a prior motion. Rule 27.26(d); *See Haynes v. State*,

552 S.W.2d 284, 285 (Mo.App., E.D.1977). This rule applies even if a different theory is suggested. *Haynes*, 552 S.W.2d at 285. Thus, neither of Drake's claims is cognizable.

■ Moreover, a claim of instructional error is generally not cognizable in a Rule 27.26 proceeding. *Newlon v. State*, 705 S.W.2d 590, 593 (Mo.App., E.D.1986). For, if an issue could have been raised on direct appeal, even though it is a constitutional claim, it cannot be raised in a post-conviction motion except where fundamental fairness requires otherwise and only in "rare and exceptional" circumstances. *Bradford v. State*, 694 S.W.2d 760, 761 (Mo.App., E.D.1985). A constitutional claim must be advanced at the earliest time consistent with good pleading and orderly procedure, and it must be kept alive during the course of the proceedings. *Stokes v. State*, 688 S.W.2d 19, 22–23 (Mo.App., E.D.1985). Drake's claim of instructional error could have been raised on direct appeal and he proposes no "rare and exceptional" circumstances which would excuse his failure to do so.

■ We now examine Drake's claim of ineffective assistance of counsel. In order to establish such a claim, he must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). And, examining *ex gratia* the substance of Drake's claim, this court cannot find that the motion court's determination was clearly erroneous. The motion court decided that Drake received effective assistance of counsel; it found that in view of the evidence, "the crime was murder first or nothing." Appellate review is circumscribed to a determination of whether this judgment is clearly erroneous. Rule 27.26(j). Trial courts in homicide prosecutions have been cautioned not to give instructions on all degrees of homicide automatically; the jury should be instructed on lesser degrees of homicide only if there is evidence to support them. *State v. Henderson*, 510 S.W.2d 813, 823 (Mo.App., E.D.1974). Defense counsel cannot be faulted for not objecting to the failure to give instructions for which there is no evidentiary support. In the present case, counsel's decision to not object to the trial court's decision to only offer the instruction for first degree murder was reasonable, as the evidence did not support verdicts other than those of first degree murder or acquittal. *State v. Sturdivan*, 497 S.W.2d 139, 142–43 (Mo. 1973). Furthermore, Drake's argument that instructions for lesser included offenses should have been given is inconsistent with the defense he presented at trial, where he did not argue a lack of deliberation but, rather, that the victim was killed by persons other than Drake. Thus, even reviewing this claim solely on the prejudice prong enunciated in *Strickland*, which analysis is encouraged, we discern no prejudice. *See Richardson v. State*, 719 S.W.2d 912, 916 (Mo.App., E.D.1986).

The order of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.