**STATE of Missouri, Respondent,**

v.

**Eugene JONES, Appellant.**

**Eugene JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 62075, 64661.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1994.

Tamara L. Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Mary Moulton Bryan, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal. Defendant appeals directly from his convictions for possession of cocaine, possession of marijuana, possession with intent to use drug paraphernalia, and resisting arrest. Defendant further appeals the subsequent denial of his Rule 29.15 motion for post-conviction relief. However, Defendant presents no points on appeal regarding the denial of his Rule 29.15 motion. We affirm.

On December 9, 1989, Sergeant Frank Booker and Lieutenant Glen Williams were working as part of a police team cracking down on drive-by drug sales in the Darst–Webbe housing project at 12th and Chouteau in the City of St. Louis. Booker and Williams sat in a marked police car at Clark and 12th, while unmarked police cars surveyed the scene of drive-by drug sales. They were notified a sale was taking place, and they drove to Chouteau to assist with apprehensions of suspects. As Booker and Williams approached the scene, Defendant, who had been running in their direction, turned and ran back toward the housing project. Sergeant Booker chased him. At one point during the chase, Booker believed Defendant had pulled out a gun and Booker shot Defendant in the left arm. Soon after the shooting, Defendant was apprehended by Williams, who had run to the front of the projects to cut him off. After Defendant's arrest, a search of him revealed three off-color rocks believed to be cocaine, a green vegetable substance believed to be marijuana, and a silver pipe.

■ In Point I of his appeal, Defendant argues the trial court erred in permitting the State's witnesses, specifically forensic chemist Margart Owens, from testifying the substance found on him was cocaine.

■ To receive testimony showing the results of tests performed on evidence, it is necessary to satisfy the court about the identity of the evidence, and it was in the same and like condition when tested as when originally obtained. *State v. Gustin*, 826 S.W.2d 409, 415[6] (Mo.App.1992); *State v. Duna-* gan, 772 S.W.2d 844, 856 [6] (Mo.App.1989). Sufficient proof of chain of custody exists if the State provides a "reasonable assurance" the evidence was not tampered with or contaminated. *State v. Huff*, 789 S.W.2d 71, 78[9] (Mo.App.1990). The State is not required to show proof of hand-to-hand custody, nor must it exclude every possibility the evidence has been disturbed. *State v. Dreiling*, 830 S.W.2d 521, 527[15] (Mo.App.1992). Furthermore, the trial court may assume, absent some showing or proof of bad faith or ill will, the officials properly discharged their duties and did not tamper with the evidence. *State v. Anthony*, 857 S.W.2d 861, 865[4] (Mo.App.1993).

Defendant asserts the State failed to make reasonable assurances the evidence was in the same and like condition as when it was seized and at the time it was tested. At trial, Sergeant Booker testified the search of Defendant revealed what he assumed were "three rock cocaine pieces and some marijuana and a pipe with residue in it." Booker stated he packaged the items as evidence, signed the evidence envelope, and took it to the laboratory for testing. He stated the evidence never left his care and control until he delivered it to the lab.

Later at trial, the State called Margart Owens, a forensic chemist at the City of St. Louis crime laboratory. At this time, it was realized Sergeant Booker had delivered the evidence to the lab together with one Detective Thirdkill. Detective Thirdkill alone signed the evidence receipt, which requires only one signature. Detective Thirdkill did later testify he "vaguely" remembered delivering the evidence to the lab. He identified the signature on the evidence receipt as his own signature.

Owens testified the evidence was received by the lab at 8:58 a.m. on December 10, 1989, and she completed her analysis of the evidence by 9:20 a.m. She stated the first specimen consisted of two plastic bags, each containing an off-white substance. She testified the evidence packages had not been tampered with and the seal was intact. Owens was allowed to testify, without objection from Defendant, one of the substances was cocaine. The drugs were mistakenly destroyed before trial and were not admitted into evidence.

A sufficient foundation was laid for the introduction of Owens's testimony. Sergeant Booker testified he remembered packaging the evidence and delivering it to the lab. Detective Thirdkill also remembered delivering it, albeit vaguely. Based on Owens's testimony, the lab report (not provided to us by Defendant) apparently revealed both Booker and Thirdkill delivered the evidence together, but only Thirdkill signed the evidence receipt. In any event, a reasonable assurance exists the evidence was not tampered with in any way. Further, "once testing is completed, the integrity of the results is assured regardless of what happens thereafter to the substance." *Gustin*, 826 S.W.2d at 416–17[9]. In addition, Defendant failed to object at trial to Owens's testimony. Point denied.

Regarding Defendant's other points on appeal, we find that neither a jurisprudential purpose nor a precedential purpose would be served by addressing those points in a written opinion. Rule 30.25(b); Rule 84.16(b). Therefore, we deny those points summarily and affirm the judgments against him.

Judgment of conviction and sentence affirmed; denial of Rule 29.15 motion affirmed.

CRANDALL, P.J., and REINHARD, J., concur.