**STATE OF Missouri, Respondent,**

v.

**Gavin Lee NORTH, Appellant.**

**No. WD 52167.**

Missouri Court of Appeals,
Western District.

March 25, 1997.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

HANNA, Judge.

The jury found the defendant, Gavin Lee North, guilty of two counts of distribution of cocaine, § 195.211, RSMo 1994, on December 21, 1995. The defendant was sentenced to consecutive six and seven year terms of imprisonment. The issues on appeal are whether the defendant waived his right to a speedy trial, the admissibility of tape recording evidence, and the chain of custody of evidence.

The defendant was originally convicted on the same charges on December 23, 1993, and sentenced to concurrent terms totalling seventeen years as a prior offender and as a prior drug offender. He appealed those convictions but while the appeal was pending, the defendant's Rule 29.15 motion was sustained by the lower court, which granted the defendant a new trial.[1] He dismissed his appeal, which allowed the case to proceed to retrial.

On the evening of September 3, 1991, Sergeant Michael Noellsch, an undercover Missouri highway patrol officer, along with confidential informant, Matthew Wright, went to the defendant's home in Warrensburg. Sergeant Noellsch asked the defendant about the price of cocaine and was told that "[h]e wanted $1,800 for one ounce of cocaine." Indicating that this was too high a price, he inquired of a quarter of an ounce to check the quality first. The defendant made several phone calls and then indicated he was leaving to obtain the cocaine. Noellsch gave the defendant $575 to purchase the drugs. Approximately five and a half hours later, the defendant returned without the cocaine and refunded Noellsch's money.

The next day Noellsch went to Wright's apartment and asked him to call the defendant. Noellsch recorded this conversation as well as two subsequent telephone calls that Wright made to the defendant. The conversations were recorded by having Wright hold a microphone wire to the telephone receiver while he spoke with the defendant. The defendant agreed to sell a half of an ounce of cocaine and they arranged to meet in Elm, Missouri.

Noellsch and Wright drove to Elm and met the defendant at the junction of U.S. 50 and Elm in the afternoon at an APCO station. The defendant was driving a Dodge pickup truck and was accompanied by Mary Jane Chapman. Noellsch gave the defendant $1,050 in cash for the cocaine and the defendant and Chapman drove off. A short time later, Chapman returned by herself and pointed to a blue cardboard tube which appeared to contain cocaine. On the evening of September 9, 1991, Noellsch and Wright arranged to meet the defendant at the same location where the defendant gave Noellsch a half of an ounce of cocaine for $1,025.

Subsequent laboratory tests revealed that the substance purchased on September 4 was 14 grams of cocaine and the substance purchased on September 9 was 13.4 grams of cocaine. All of the meetings between the defendant, Chapman, and Wright were recorded by using a tape recorder that Noellsch kept hidden in his right front pants pocket.

The sentence imposed in the 1993 conviction was predicated on the 1988 marijuana felony conviction. His prior offender status caused the court to sentence the defendant to

1. In the 1993 conviction, the court sentenced the defendant as a prior offender and prior drug offender based upon a 1988 guilty plea for possession of marijuana. He was placed on probation which was subsequently revoked on April 19, 1993. The defendant filed a Rule 24.035 motion challenging the terms of the guilty plea. The motion court denied the motion. On appeal, this court reversed and ordered the lower court to allow North to withdraw his guilty plea. *North v. State*, 878 S.W.2d 66 (Mo.App.1994). The guilty plea was set aside. The 29.15 court was compelled to grant the new trial because the basis for the 1993 sentence as a prior drug offender was the marijuana conviction.

a term in excess of the range of punishment that could normally be imposed. The defendant's appeal on the 1988 conviction was pending in this court at the time of sentencing in 1993. The defendant voluntarily dismissed his appeal and upon its dismissal, the case was scheduled for retrial. His second trial on the cocaine charges, in which he was not charged under prior offender statutes, resulted in his conviction on December 2, 1995. He appeals.

In his first point, the defendant complains of the state's delay in commencing trial in the first trial. Prior to the commencement of the first trial, the defendant filed a motion to dismiss because there was a delay of over ten months between the charge and the trial. The motion to dismiss was overruled by the court and the defendant claims that he was entitled to a dismissal of the charges. He does not challenge the delay of his second trial, but rather that the state delayed ten months in bringing him to trial in the first trial, a point which was preserved in the proceedings of the first trial and in his appeal. The defendant now contends that if the court had sustained his motion to dismiss in the 1993 case, he would not have been compelled to go to trial in 1995. In this respect, he is correct. The issue is whether defendant is entitled to have the point ruled in this appeal or whether he waived the point by voluntarily dismissing the first appeal.

■ When the trial court, in its Rule 29.15 motion, granted the defendant a new trial (because the 1988 marijuana conviction had been set aside) the defendant had an appeal pending which challenged the state's right to retry him. The point was a constitutional challenge to his right to a speedy trial. Defendant's claim of delay in bringing his case to trial in a timely manner was a live issue. If the appeal had been pursued with a favorable result, the defendant would have been discharged. Therefore, the trial court's ruling against the defendant became *res judicata*, not to be relitigated. *See Frost v. State*, 589 S.W.2d 370, 371 (Mo.App.1979)(stating that when a defendant filed his first Rule 27.26 motion which was denied and he did not appeal, the issues decided by the trial court became *res judicata* and could not be

raised in his second Rule 27.29 hearing or appeal). See also, *Hamilton v. State*, 548 S.W.2d 267, 268 (Mo.App.1977), where this court held that an appeal from the denial of a Rule 27.26 motion cannot repeat points attacking alleged defects set forth in a first rule 27.26 motion which was not appealed. The trial court's ruling on the first motion was determined to be conclusive and *res judicata. Id.*

The trial court ruled that the defendant's right to a speedy trial was not violated. That ruling was conclusive and is *res judicata.* Point denied.

■ The defendant's next point concerns the wire tap evidence. The defendant argues that the state failed to prove that one of the parties to the wire tap consented. Evidence obtained in violation of § 542.414, RSMo. Cum.Supp.1997 is not admissible.

■ Whether there was consent to the wire tap by one of the parties was the subject of a pretrial hearing that was ruled against the defendant. Noellsch explained to Wright that "for the benefit of the case [they] needed him to make the recorded phone calls," and Wright responded, "No problem." Wright then assisted in the recording of the three telephone conversations with the defendant by holding a recorder microphone to the receiver of the telephone. The defendant's argument is that since Wright did not testify at the hearing, Noellsch's testimony, although uncontested, is not sufficient to establish consent. We disagree and hold that the trial court did not err. Point denied.

The defendant's final point attacks the chain of custody of the controlled substance, making particular reference to a "record control number" assigned to the bag of cocaine that did not match the control numbers assigned to the evidence which tested positive for cocaine. The defendant argues that on September 9, Noellsch made a buy from another individual and that this sale had the incorrect control number on the cover sheet of his police report.

The evidence concerning the chain of custody of the cocaine may be summarized as follows. After each sale, the cocaine was

placed in an evidence bag and placed in the hatch area of Noellsch's car. He transported it to Troop H in St. Joseph where he performed a preliminary field test which was positive for cocaine. He sealed the controlled substance in an evidence bag with red tape and wrote his initials and the date on it. The bag also recorded the type of offense, the county in which it occurred and the contents of the bag. He placed a "record control number" of the offense on the bag, which was his badge number, and the month, day, year, and military time. The bag remained in his locked file cabinet for several days until it was delivered to the Troop H headquarter's laboratory for testing in its original, sealed condition. Proper procedures were followed at the laboratory where the evidence was analyzed and the bags were resealed. At trial, Noellsch identified the evidence bag as unchanged and substantially in the same condition as he received it from Ms. Chapman.

 We rely upon the trial court's sound discretion in the admission of demonstrative evidence. *State v. Anthony,* 857 S.W.2d 861, 864 (Mo.App.1993). The trial court must be satisfied not only of the identity of the articles, but also that they were in the same condition when tested as when originally obtained. *State v. Jones,* 877 S.W.2d 156, 157 (Mo.App.1994). The evidence must satisfy a "reasonable assurance" that the exhibit is the same and in the same condition as when obtained, and that it has not been tampered with, contaminated, or substituted. *State v. Camden,* 837 S.W.2d 520, 523 (Mo.App.1992). There is no basis to convict the trial court of an abuse of discretion. Rather, the evidence supports the exhibit's admission.

The incorrect record control number was on a cover sheet to Noellsch's police report for the September 9 sale. The cover sheet was not prepared by Noellsch and was not connected in any manner with the evidence or the chain of custody. It was irrelevant under the facts of this case and the trial court properly denied the admission of the

defendant's offer of the exhibit. Point denied.

Judgment of conviction is affirmed.

ULRICH, C.J., P.J., and SMART, J., concur.